**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Jordan M. Zim, State Bar No. 332757
JZim@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Plaintiff,
FORMAL ENTERTAINMENT LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORMAL ENTERTAINMENT LLC, a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ZAIN JAVADD MALIK p/k/a ZAYN, an individual; DAVID DEBRANDON BROWN p/k/a LUCKY DAYE, an individual; DUSTIN ADRIAN BOWIE p/k/a DAB, an individual; MICHAEL LAVELL MCGREGOR, an individual; COLE ALAN CITRENBAUM, an individual; PHILIP VON BOCH SCULLY, an individual; SONY MUSIC ENTERTAINMENT, a Delaware General Partnership; and DOES 1 through 100,<br><br>　　　　Defendants. | Case No.: 2:23-CV-07888<br><br>**COMPLAINT FOR:**<br><br>**DIRECT, CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

MARTORELL LAW APC
Litigation & Trial Counsel

COMPLAINT

Plaintiff Formal Entertainment LLC ("Plaintiff"), by and through its undersigned counsel, respectfully brings this Complaint against Defendants Zain Javadd Malik p/k/a Zayn ("Zayn"), David Debrandon Brown p/k/a Lucky Daye ("Daye"), Dustin Adrian Bowie p/k/a DAB ("Bowie"), Michael Lavell McGregor ("McGregor"), Cole Alan Citrenbaum ("Citrenbaum"), Philip von Boch Scully ("Scully"), Sony Music Entertainment ("Sony"), and DOES 1 through 100 (all defendants collectively referred to herein as "Defendants") and alleges:

**JURISDICTION AND VENUE**

1.     This action arises under the laws of the United States and the Copyright Act of 1976 (17 U.S.C. § 101, et seq.), and as such, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2.     This Court has personal jurisdiction because the Defendants are either California citizens, maintain a residence or place of business in California, do business within California on a regular and ongoing basis, or resided in California during a material portion of the creation of all or part of the accused infringing work.

3.     This Court has general personal jurisdiction over Defendant Zain Javadd Malik p/k/a Zayn because, upon information and belief, he owned property in this Judicial District, and has other substantial contacts with the State of California and with this Judicial District specifically.  This Court has specific personal jurisdiction over Zayn because this suit arises out of and/or is related to his contacts with the State of California and this Judicial District.  Specifically, upon information and belief, Zayn co-wrote the Infringing Work (as defined herein) in the State of California.  Upon information and belief, the sound recording of the Infringing Work was also recorded in whole or in part in California and in this Judicial District specifically.  Zayn is credited as an author of the United States Copyright Registration for the infringing musical composition and/or sound recording titled, "Better," bearing registration number SR0000886378 (the "Infringing Work").  Zayn is also credited as a songwriter for the Infringing Work.

MARTORELL LAW APC
Litigation & Trial Counsel

1
COMPLAINT

4.     Additionally, this Court has specific personal jurisdiction over Zayn because, upon information and belief, Zayn has licensed and/or authorized the licensing, distribution, and sale of the Infringing Work to residents of California and to California companies including within this Judicial District; has directly advertised or authorized others to advertise the Infringing Work through California companies and to California residents; and has generated substantial revenues from digital music sales and streaming of the Infringing Work in the State of California and this Judicial District.

5.     This Court has general personal jurisdiction over Sony Music Entertainment (hereinafter, "Sony") because, upon information and belief, it has continuous and systematic contacts with the State of California to render it essentially at home in California.  Specifically, upon information and belief, (1) Sony is qualified to do business in the State of California by and through Sony Music Entertainment Digital, LLC, which is a business registered in the State of California; and (2) Sony maintains an office located at 10202 Washington Boulevard, Culver City, California, 90232, where it employs California residents.

6.     This Court has specific personal jurisdiction over Sony because its suit-related conduct creates a substantial connection with the State of California.  Sony is a copyright claimant of the United States Copyright Registration for the infringing Sound Recording bearing registration number SR0000886378.  Upon information and belief, the Infringing Work was released commercially through Sony, among others, and Sony has generated substantial revenue from exploitation of the Infringing Work in California.

7.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this Judicial District.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400 as at least one of the Defendants or their agents reside or may be found in this Judicial District and is subject to personal jurisdiction.

MARTORELL LAW APC
Litigation & Trial Counsel

8. This case is properly filed in the Central District, as a substantial part of events giving rise to this case occurred in the Central District of California.

## THE PARTIES

9. Plaintiff Formal Entertainment LLC is a Delaware limited liability company, existing under the laws of Delaware and registered to conduct business within the state of California, which is also its principal place of business. Its Managing Member is Patrick Simmons p/k/a Havyn ("Simmons" or "Havyn"), a writer, composer, producer, and performer of musical works distributed throughout the United States, including California. Mr. Simmons is an individual and resident of California, and in particular, this district. Simmons is a co-author and main contributor to the musical composition and sound recording titled, "Somebody Tonight," registered with the United States Copyright Office bearing registration number SR0000962834. Formal Entertainment LLC is the copyright claimant of the musical composition and sound recording titled, "Somebody Tonight," registered with the United States Copyright Office bearing registration number SR0000962834.

10. Upon information and belief, Defendant Zain Javadd Malik p/k/a Zayn ("Zayn") is a writer, composer, producer, and performer of musical works distributed throughout the United States, including California. Upon information and belief, Zayn was formerly a part of the band, One Direction, during which Zayn benefited from California, including earning substantial sums of income from recording, producing, and/or performing musical compositions and sound recordings in and around United States, including California. Upon information and belief, Zayn is a resident of London, United Kingdom.

11. Upon information and belief, Defendant David Debrandon Brown p/k/a Lucky Daye is a writer, composer, producer, and performer of musical works, including the Infringing Work, distributed throughout the United States, including California. Upon information and belief, Lucky Daye benefited, and continues to benefit, from California, including earning substantial sums of income from

recording, producing, and/or performing musical compositions and sound recordings in and around the United States, including California. Upon information and belief, Lucky Daye is a resident of Encino, California. Defendant Brown is listed as a songwriter for the Infringing Work.

12. Upon information and belief, Defendant Dustin Adrian Bowie p/k/a DAB is a writer, composer, producer, and performer of musical works, including the Infringing Work, distributed throughout the United States, including California. Upon information and belief, Bowie benefited, and continues to benefit, from California, including earning substantial sums of income from recording, producing, and/or performing musical compositions and sound recordings in and around the United States, including California. Upon information and belief, Bowie is a resident of Los Angeles, California. Defendant Bowie is listed as a songwriter for the Infringing Work.

13. Upon information and belief, Defendant Michael Lavell McGregor is a writer, composer, producer, and performer of musical works, including the Infringing Work, distributed throughout the United States, including California. Upon information and belief, McGregor benefited, and continues to benefit, from California, including earning substantial sums of income from recording, producing, and/or performing musical compositions and sound recordings in and around the United States, including California. Upon information and belief, McGregor is a resident of Los Angeles, California. Defendant McGregor is listed as a songwriter for the Infringing Work.

14. Upon information and belief, Defendant Cole Alan Citrenbaum is a writer, composer, producer, and performer of musical works, including the Infringing Work, distributed throughout the United States, including California. Upon information and belief, Citrenbaum benefited, and continues to benefit, from California, including earning substantial sums of income from recording, producing, and/or performing musical compositions and sound recordings in and around the

4

United States, including California.  Upon information and belief, Citrenbaum is a resident of Los Angeles, California.  Defendant Citrenbaum is listed as a songwriter for the Infringing Work.

15.   Upon information and belief, Defendant Philip von Boch Scully is a writer, composer, producer, and performer of musical works, including the Infringing Work, distributed throughout the United States, including California.  Upon information and belief, Scully benefited, and continues to benefit, from California, including earning substantial sums of income from recording, producing, and/or performing musical compositions and sound recordings in and around the United States, including California.  Upon information and belief, Scully is a resident of Los Angeles, California.  Defendant Scully is listed as a songwriter for the Infringing Work.

16.   Defendant Sony Music Entertainment is a Delaware general partnership involved in the recording, production, distribution, and licensing of musical works, including the Infringing Work, in the United States, including in California and in particular, this district.  Defendant Sony Music Entertainment is listed as the copyright claimant of the Infringing Work.

17.   Defendants DOES 1 through 100, inclusive, are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful acts alleged herein.  The true names, whether corporate, individual, or otherwise of DOES 1 through 100, inclusive, are presently unknown to Plaintiff, and therefore, are being sued by such fictitious names, and Plaintiff will seek leave to amend this Complaint to include their true names and capacities when they have been ascertained.

18.   Plaintiff is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendants actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with

MARTORELL LAW APC
Litigation & Trial Counsel

5
COMPLAINT

full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTS COMMON TO ALL COUNTS

19.    In this action for willful copyright infringement, Defendant Zayn, with complete disregard for Plaintiff's rights, copied Plaintiff's "Somebody Tonight" in Defendants' "Better." Zayn boasts in "Better" that "[i]t's a gamble to take any more of you. Still in my mind sometimes, I must admit it, [l]ike it's a crime on trial, I got acquitted." Similarly here, a civil wrong has occurred, but in this trial, Defendants will not be acquitted. Plaintiff has and maintains lawful ownership in the musical composition and performance of the work titled, "Somebody Tonight."

20.    This action centers on the intentional and actionable copying of numerous significant compositional elements of "Somebody Tonight", without which blatant copying, Zayn's "Better" would never have come to exist in its present form or become a massive worldwide success, beginning on or about September 25, 2020, when Zayn released the song. Plaintiff herein therefore includes those persons and parties involved in the unlawful copying, sale, performance, licensing, distribution, and other exploitation of "Better."

21.    "Somebody Tonight" was recorded by Simmons in 2018 and released that same year, enjoying success among followers across the United States and around the world, with many thousands of digital streams on Spotify and streams on YouTube.

22.    Defendants are the writers, producers, performers, record labels, publishers, and distributors of the infringing musical composition "Better," the infringing sound recording, "Better," the music video for "Better," and all other products embodying the infringing composition and sound recording, "Better" (collectively, the "Infringing Work").

23.    In order to write and record "Better," and ultimately to produce, perform, distribute, and otherwise exploit "Better," Defendants boldly copied

"Somebody Tonight," to which they had prior access, resulting in a composition and song in "Better," which is so similar to "Somebody Tonight" that the ordinary observer would easily determine that the songs sound the same in their essential compositional and other elements.

24.     In or around April 2020, Simmons engaged Talent Spotlite LLC d/b/a Modern Music Marketing a/k/a Premium Music Marketing ("MMM"), a company involved in the promotion of musical works, to promote Simmons's song, "People Change."  Simmons's point of contact at MMM was Jonah Rindner p/k/a Dolo Tonight.  During the engagement, while reviewing Simmons's music catalog, Rindner listened to Simmons's "Somebody Tonight" on his own volition and contacted Simmons regarding the same.  During their conversation, Rindner, on behalf of MMM, indicated that MMM would promote "Somebody Tonight" for free because Rindner believed that it was Simmons's best song.  Rindner further requested permission from Simmons to send "Somebody Tonight" to every person in his contact list that works in the music industry in order to make some type of deal happen.  Rindner specifically mentioned that, should Simmons reach some type of deal with a record label or a major artist regarding "Somebody Tonight," Rindner would receive a finder's fee for his efforts.  Simmons agreed.

25.     From April 2020 through October 2020, Simmons and MMM conferred on a regular basis to discuss the performance of MMM's promotional activities.  On October 19, 2020, Simmons contacted Jonah Rindner regarding Zayn's, "Better."  Rindner responded that MMM "worked it" implying that MMM promoted Zayn's song.  Simmons asked Rindner if the song sounded familiar, to which Rindner responded, "Kind of."  Having been informed that MMM "worked" Zayn's "Better," and knowing that MMM had explicitly discussed "Somebody Tonight," Simmons asked Rindner point blank: "Did [Zayn] base [Better] off of my 'Somebody Tonight'?" and Rindner responded "How would I know."



26. Upon information and belief, Defendants Zayn, Daye, Bowie, McGregor, Citrenbaum, Scully, and Sony became aware of Simmons's "Somebody Tonight" by and through MMM.

27. "Better" was released in September 2020 as the lead single on the "Nobody is Listening" album, released in January 2021, years after "Somebody Tonight" had been released. "Better" was strategically released prior to the "Nobody is Listening" album because "Better" was intended to bring attention back to Zayn after not releasing a song for approximately one year. Zayn shared a teaser of the song (roughly 15 seconds in length) to draw attention to the song's imminent release just days away. The success of the "Nobody is Listening" album hinged upon the success of the release of the "Better" single.

28. Approximately three months after the Infringing Work was released, on December 4, 2020, Simmons sent a cease and desist letter to Defendant Sony, among other entities, regarding the Infringing Work. Defendant Sony responded to the cease and desist letter expressly denying any infringement claims relating to the Infringing Work.

29. "Better" and "Somebody Tonight" contain essential compositional elements so similar as to evidence the conscious copying of one in pursuit of the

MARTORELL LAW APC
Litigation & Trial Counsel

8
COMPLAINT

creation of the other.  Resulting from this unlawful copying are two songs so similar that the ordinary observer can only conclude that "Better" would not exist but for the copying of "Somebody Tonight."

30.     Defendants unlawfully exploited "Better" without the knowledge or consent of Plaintiff, resulting in the generation of massive profits, fame, and credit in favor of Defendants.  Defendants' conduct was undertaken purposefully, willfully, knowingly, and maliciously to the exclusion of, and without regard to the inevitable damage certain to result to Plaintiff, the rightful owner of the "Somebody Tonight" compositional elements and sound recording.

31.     "Better" continues to be exploited, licensed, performed, distributed, displayed, and/or reproduced on compact discs and albums, as digital downloads and streams, music videos, all absent any form of compensation to Plaintiff.

32.     Upon information and belief, Defendants are the agents, employees, joint venturers, and/or partners of one another, and each joined in, ratified, contributed to, and encouraged the unlawful conduct alleged herein, rendering each jointly and severally liable to Plaintiff.

**FIRST CAUSE OF ACTION**

(Direct Copyright Infringement

Against All Defendants)

33.     Plaintiff hereby realleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

34.     Plaintiff Formal Entertainment LLC is the sole owner of the United States Copyright in all rights, titles, and interests in the musical composition "Somebody Tonight," by Havyn.  The musical composition is properly registered with the United States Copyright Office, bearing registration number SR0000962834.

35.     Defendants' unauthorized reproduction, distribution, performance, display, and creation of a derivative work of "Somebody Tonight" infringes on

Plaintiff's exclusive rights in direct violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

36.     Defendants did not seek or receive any permission or authorization, express or otherwise, to interpolate any portion of the "Somebody Tonight" composition into the infringing work, "Better."

37.     Defendants' conduct has been at all times relevant herein knowing, willful, and with complete disregard for the rights of Plaintiff and also without any regard for the damage sure to result from the infringement alleged herein.

38.     As a direct and proximate cause of the conduct alleged herein, Plaintiff has suffered irreparable damage.

39.     The Infringing Work copies, qualitatively and quantitatively, essential, distinctive, and recognizable elements of substantial portions of "Somebody Tonight," and the inclusion of signature elements of "Somebody Tonight" in "Better" significantly enhances both the musical and financial value of "Better."

40.     From the date of creation of "Better," Defendants have infringed Plaintiff's copyright interest in "Somebody Tonight" including: (a) substantially copying and publicly performing, or authorizing the copying and public performing of "Better," including on radio, personal appearances, and on film, video, television, and otherwise; (b) authorizing the reproduction, distribution and sale of the records, digital download and streaming of "Better" through the execution of licenses and/or actually selling, manufacturing, and/or distributing "Better" through various sources; (c) substantially copying "Somebody Tonight" in the marketing, promotion and sale of "Better" and the Infringing Work in the form of records, videos, and other performances and merchandise; and (d) participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of "Somebody Tonight" in and as part of the Infringing Work, packaged in a variety of configurations and digital downloads, mixes, and versions, and performed in a variety of manners including on radio, personal

MARTORELL LAW APC

Litigation & Trial Counsel

10

COMPLAINT

appearances, and on film, television, and/or otherwise.

41.   Plaintiff has received no songwriter credit for, nor any copyright ownership interests in, any of the exploitations of "Better" or in the Infringing Work.

42.   The infringement alleged herein by Defendants has been and continues to be willful and knowing and in disregard of Plaintiff's rights.

43.   Defendants had the right and ability to control other infringers and have derived an extreme financial benefit from the continued infringement alleged herein, including that infringement Defendants failed to control, such that Defendants must be found vicariously liable to Plaintiff.

44.   The infringement alleged herein continues as the album "Nobody is Listening," on which "Better" appears, continues to be sold, and both the album and the "Better" single continue to be licensed for sale, downloads, streaming, master tones, and in motion pictures, advertisements and other exploitations to which Defendants have put "Better" and the "Nobody is Listening" album.

45.   As a direct and proximate result of the infringement and conduct of Defendants as alleged herein, Plaintiff has suffered actual injury and damage including lost profits, the lost opportunity to reinvest those profits, and the loss of industry goodwill, all in amounts to be proven at the time of trial, but in excess of the minimum jurisdiction of this Court.

46.   Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to damages, including without limitation, the loss of profits suffered, and disgorgement of Defendants' profits and ill-gotten gains, all in amounts to be proven at the time of trial.

47.   The conduct of Defendants has caused and will continue to cause Plaintiff substantial damage unless enjoined by this Court, and will continue, if allowed to go unchecked, to cause Plaintiff irreparable damage not capable of ready determination, and as such Plaintiff has no adequate remedy at law.  Pursuant to 17

MARTORELL LAW APC
Litigation & Trial Counsel

U.S.C. § 502, Plaintiff is therefore entitled to a permanent injunction prohibiting the reproduction distribution, sale, public performance, or other use of exploitation of "Better," in any and all formats, configurations, and/or media, including without limitation, the Infringing Work.

## SECOND CAUSE OF ACTION

(Contributory Copyright Infringement

Against All Defendants)

48. Plaintiff hereby realleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

49. Defendants' unauthorized reproduction, distribution, performance, display, and creation of a derivative work of "Somebody Tonight" infringes on Plaintiff's exclusive rights in direct violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

50. Defendants did not seek or receive any permission or authorization, express or otherwise, to interpolate any portion of the "Somebody Tonight" composition into the infringing work, "Better."

51. Defendants' conduct has been at all times relevant herein knowing, willful, and with complete disregard for the rights of Plaintiff and also without any regard for the damage sure to result from the infringement alleged herein.

52. Defendants actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of Plaintiff's rights.

53. As a direct and proximate cause of the conduct alleged herein, Plaintiff has suffered irreparable damage.

54. The Infringing Work copies, qualitatively and quantitatively, essential, distinctive, and recognizable elements of substantial portions of "Somebody Tonight," and the inclusion of signature elements of "Somebody Tonight" in "Better" significantly enhances both the musical and financial value of "Better."

55.    From the date of creation of "Better," Defendants have infringed Plaintiff's copyright interest in "Somebody Tonight" including: (a) substantially copying and publicly performing, or authorizing the copying and public performing of "Better," including on radio, personal appearances, and on film, video, television, and otherwise; (b) authorizing the reproduction, distribution and sale of the records, digital download and streaming of "Better" through the execution of licenses and/or actually selling, manufacturing, and/or distributing "Better" through various sources; (c) substantially copying "Somebody Tonight" in the marketing, promotion and sale of "Better" and the Infringing Work in the form of records, videos, and other performances and merchandise; and (d) participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of "Somebody Tonight" in and as part of the Infringing Work, packaged in a variety of configurations and digital downloads, mixes, and versions, and performed in a variety of manners including on radio, personal appearances, and on film, television, and/or otherwise.

56.    Plaintiff has received no songwriter credit for, nor any copyright ownership interests in, any of the exploitations of "Better" or in the Infringing Work.

57.    The infringement alleged herein by Defendants has been and continues to be willful and knowing and in disregard of Plaintiff's rights.

58.    Defendants had the right and ability to control other infringers and have derived an extreme financial benefit from the continued infringement alleged herein, including that infringement Defendants failed to control, such that Defendants must be found vicariously liable to Plaintiff.

59.    The infringement alleged herein continues as the album "Nobody is Listening," on which "Better" appears, continues to be sold, and both the album and the "Better" single continue to be licensed for sale, downloads, streaming, master tones, and in motion pictures, advertisements and other exploitations to which Defendants have put "Better" and the "Nobody is Listening" album.

MARTORELL LAW APC
Litigation & Trial Counsel

60. As a direct and proximate result of the infringement and conduct of Defendants as alleged herein, Plaintiff has suffered actual injury and damage including lost profits, the lost opportunity to reinvest those profits, and the loss of industry goodwill, all in amounts to be proven at the time of trial, but in excess of the minimum jurisdiction of this Court.

61. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to damages, including without limitation, the loss of profits suffered, and disgorgement of Defendants' profits and ill-gotten gains, all in amounts to be proven at the time of trial.

62. The conduct of Defendants has caused and will continue to cause Plaintiff substantial damage unless enjoined by this Court, and will continue, if allowed to go unchecked, to cause Plaintiff irreparable damage not capable of ready determination, and as such Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is therefore entitled to a permanent injunction prohibiting the reproduction distribution, sale, public performance, or other use of exploitation of "Better," in any and all formats, configurations, and/or media, including without limitation, the Infringing Work.

### THIRD CAUSE OF ACTION

(Vicarious Copyright Infringement

Against All Defendants)

63. Plaintiff hereby realleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

64. Defendants' unauthorized reproduction, distribution, performance, display, and creation of a derivative work of "Somebody Tonight" infringes on Plaintiff's exclusive rights in direct violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

65. Defendants did not seek or receive any permission or authorization, express or otherwise, to interpolate any portion of the "Somebody Tonight"

MARTORELL LAW APC

Litigation & Trial Counsel

composition into the infringing work, "Better."

66.   Defendants' conduct has been at all times relevant herein knowing, willful, and with complete disregard for the rights of Plaintiff and also without any regard for the damage sure to result from the infringement alleged herein.

67.   As a direct and proximate cause of the conduct alleged herein, Plaintiff has suffered irreparable damage.

68.   The Infringing Work copies, qualitatively and quantitatively, essential, distinctive, and recognizable elements of substantial portions of "Somebody Tonight," and the inclusion of signature elements of "Somebody Tonight" in "Better" significantly enhances both the musical and financial value of "Better."

69.   From the date of creation of "Better," Defendants have infringed Plaintiff's copyright interest in "Somebody Tonight" including: (a) substantially copying and publicly performing, or authorizing the copying and public performing of "Better," including on radio, personal appearances, and on film, video, television, and otherwise; (b) authorizing the reproduction, distribution and sale of the records, digital download and streaming of "Better" through the execution of licenses and/or actually selling, manufacturing, and/or distributing "Better" through various sources; (c) substantially copying "Somebody Tonight" in the marketing, promotion and sale of "Better" and the Infringing Work in the form of records, videos, and other performances and merchandise; and (d) participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of "Somebody Tonight" in and as part of the Infringing Work, packaged in a variety of configurations and digital downloads, mixes, and versions, and performed in a variety of manners including on radio, personal appearances, and on film, television, and/or otherwise.

70.   Plaintiff has received no songwriter credit for, nor any copyright ownership interests in, any of the exploitations of "Better" or in the Infringing Work.

71.   The infringement alleged herein by Defendants has been and continues

15
COMPLAINT

to be willful and knowing and in disregard of Plaintiff's rights.

72. Defendants had the right and ability to control each other as well as other infringers and have derived an extreme financial benefit from the continued infringement alleged herein, including that infringement Defendants failed to control, such that Defendants must be found vicariously liable to Plaintiff.

73. The infringement alleged herein continues as the album "Nobody is Listening," on which "Better" appears, continues to be sold, and both the album and the "Better" single continue to be licensed for sale, downloads, streaming, master tones, and in motion pictures, advertisements and other exploitations to which Defendants have put "Better" and the "Nobody is Listening" album.

74. As a direct and proximate result of the infringement and conduct of Defendants as alleged herein, Plaintiff has suffered actual injury and damage including lost profits, the lost opportunity to reinvest those profits, and the loss of industry goodwill, all in amounts to be proven at the time of trial, but in excess of the minimum jurisdiction of this Court.

75. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to damages, including without limitation, the loss of profits suffered, and disgorgement of Defendants' profits and ill-gotten gains, all in amounts to be proven at the time of trial.

76. The conduct of Defendants has caused and will continue to cause Plaintiff substantial damage unless enjoined by this Court, and will continue, if allowed to go unchecked, to cause Plaintiff irreparable damage not capable of ready determination, and as such Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is therefore entitled to a permanent injunction prohibiting the reproduction distribution, sale, public performance, or other use of exploitation of "Better," in any and all formats, configurations, and/or media, including without limitation, the Infringing Work.

MARTORELL LAW APC
Litigation & Trial Counsel

16
COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.    For a judicial determination and Declaration to the effect that Defendants have infringed the copyrighted work alleged herein, "Somebody Tonight," in violation of the Copyright Act.

B.    For a judicial determination and Declaration to the effect that Defendants are directly, vicariously, and or contributorily liable for copyright infringement as alleged herein, as may be applicable.

C.    For a permanent injunction prohibiting Defendants and their agents, employees, servants, officers, attorneys, successors in interest, licensees, partners, assigns, and all persons acting in concert with the foregoing, or at their direction or behest, and each and all of them, from directly and/or indirectly causing, enabling, facilitating, permitting, encouraging, promoting, inducing, and/or participating in the infringement of any right enjoyed and/or owned by Plaintiff and protected by the Copyright Act.

D.    An award of damages against Defendants pursuant to 17 USC § 504(b), including actual damages and disgorgement of profits reaped by Defendants.

E.    Compensatory and special damages according to proof offered and made at the time of trial.

F.    For pre-judgment and post-judgment interest on all damages awarded.

G.    For such other and further relief as this Court may deem to be just and proper.

MARTORELL LAW APC

Litigation & Trial Counsel

Dated: September 20, 2023          Respectfully submitted,

                                      **MARTORELL LAW APC**

By:  /s/ Eduardo Martorell
        Eduardo Martorell
        Jordan M. Zim
        Attorneys for Plaintiff,
        FORMAL ENTERTAINMENT LLC

MARTORELL LAW APC

Litigation & Trial Counsel

18
COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff, through its attorneys of record, hereby demands a trial by Jury.


Dated: September 20, 2023                Respectfully submitted,

                                    **MARTORELL LAW APC**


                            By:  /s/ Eduardo Martorell
                                 Eduardo Martorell
                                 Jordan M. Zim
                                 Attorneys for Plaintiff,
                                 FORMAL ENTERTAINMENT LLC

MARTORELL LAW APC

Litigation & Trial Counsel