Peter Anderson, Esq. (Cal. Bar No. 88891)
  peteranderson@dwt.com
Zoë McKinney, Esq. (Cal. Bar No. 312877)
  zoemckinney@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
PHILIP VON BOCH SCULLY,
MICHAEL LAVELL MCGREGOR,
DAVID DEBRANDON BROWN, and
SONY MUSIC ENTERTAINMENT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| FORMAL ENTERTAINMENT LLC, a Delaware Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>ZAIN JAVADD MALIK p/k/a ZAYN, an individual; DAVID DEBRANDON BROWN p/k/a LUCKY DAYE, an individual; DUSTIN ADRIAN BOWIE p/k/a DAB, an individual; MICHAEL LAVELL MCGREGOR, an individual; COLE ALAN CITRENBAUM, an individual; PHILIP VON BOCH SCULLY, an individual; SONY MUSIC ENTERTAINMENT, a Delaware General Partnership; and DOES 1 through 100,<br><br>            Defendants. | Case No. 2:23-cv-7888 CMB (SKx)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE<br><br>[Fed. R. Civ. P. 12(b)(6) & 12(f)]<br><br>Date: January 30, 2024<br>Time: 10:00 a.m.<br><br>Courtroom of the Honorable<br>Consuelo B. Marshall<br>United States District Judge |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 30, 2024, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 8D of the above-entitled Court located at 350 West 1st Street, Los Angeles, California, defendants Philip Von Boch Scully, Michael Lavell McGregor, David Debrandon Brown, and Sony Music Entertainment ("Defendants") will move the above-entitled Court, the Honorable Consuelo B. Marshall, United States District Judge presiding, for an Order dismissing the First Amended Complaint of plaintiff Formal Entertainment LLC ("Plaintiff") and each claim asserted therein, dismissing or striking the First Amended Complaint's prayers for declaratory relief and compensatory and special damages, and striking the First Amended Complaint's allegations that Plaintiff has not received songwriter credit for, or a copyright ownership interest in, the allegedly infringing musical composition, *Better*.

The Motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and on the following grounds:

1. Plaintiff fails to plausibly plead that the creators of *Better* had access to Plaintiff's alleged work and, as a result, Plaintiff fails to plausibly plead claims for direct, contributory, and vicarious copyright infringement.

2. Plaintiff also fails to plausibly plead substantial similarity between *Better* and Plaintiff's alleged work, relying instead on conclusory allegations of unidentified similarities in melody and other musical elements and a single word, "fight," that are not protected as a matter of law. For this independent reason, Plaintiff fails to plausibly plead claims for direct, contributory, and vicarious copyright infringement.

3. Plaintiff alleges that all defendants are direct, contributory, and vicarious copyright infringers. But Plaintiff provides only

conclusory allegations, alleges no basis on which the same defendants who are allegedly direct infringers also are contributory or vicarious infringers, and fails to identify for whom they are supposedly contributorily and vicariously liable, thereby failing to provide notice to Defendants, as well as the other defendants, of the basis of the claims asserted against them. For this additional reason, Plaintiff fails to plausibly plead claims for direct, contributory, and vicarious copyright infringement.

4. Plaintiff's First Amended Complaint prays for, *inter alia*, a judicial declaration that defendants have infringed Plaintiff's claimed copyright. But Plaintiff does not assert a claim for declaratory relief and, in any event, a claim for a declaration of infringement is duplicative of Plaintiff's substantive claims for infringement and, for that additional reason, is properly dismissed as duplicative and redundant.

5. Plaintiff's First Amended Complaint prays for damages pursuant to Section 504(b) of the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq*., but then also prays for additional compensatory and special damages that are not recoverable on Plaintiff's copyright infringement claims. As a result, Plaintiff's claim for compensatory and special damages is properly dismissed.

The Motion to strike is brought pursuant to Federal Rule of Civil Procedure 12(f) and on the following grounds:

1. Plaintiff's First Amended Complaint repeatedly alleges that Plaintiff has not received songwriter credit for, and an ownership interest in, *Better*, supposedly demonstrating that the alleged infringement is willful. But those allegations are immaterial and impertinent, including because receiving credit or an ownership interest are not potential remedies available under the Copyright Act of 1976 and, insofar as

1 | Plaintiff does not seek statutory damages under 17 U.S.C. Section 504(a) and (c), the allegation of willfulness is irrelevant.

2. If the Court determines that a Rule 12(f) motion to strike, rather than a Rule 12(b)(6) motion to dismiss, is the proper procedure to challenge Plaintiff's prayer for declaratory relief and compensatory and special damages, those references should be stricken as redundant, immaterial, and/or impertinent.

These Motions are based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration *re* Local Rule 7-3 compliance, and Request for Judicial Notice, the pleadings and papers on file in this action, the matters of which this Court may take judicial notice, and such additional matters and oral argument as may be offered in support of the Motions.

This Motion is made following the conferences of counsel pursuant to L.R. 7-3, on November 17, 2023, as to Plaintiff's initial Complaint, and on December 15, 2023, as to Plaintiff's First Amended Complaint.

Dated: January 2, 2024

/s/ Peter Anderson
Peter Anderson, Esq.
Zoë McKinney, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
PHILIP VON BOCH SCULLY,
MICHAEL LAVELL MCGREGOR,
DAVID DEBRANDON BROWN, and
SONY MUSIC ENTERTAINMENT