1  Peter Anderson, Esq. (Cal. Bar No. 88891)
       peteranderson@dwt.com
2  Zoë McKinney, Esq. (Cal. Bar No. 312877)
       zoemckinney@dwt.com
3  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
4  Los Angeles, California  90017-2566
   Telephone: (213) 633-6800
5  Fax: (213) 633-6899

6  Attorneys for Defendants
   PHILIP VON BOCH SCULLY,
7  MICHAEL LAVELL MCGREGOR,
   DAVID DEBRANDON BROWN, and
8  SONY MUSIC ENTERTAINMENT

9
                 **UNITED STATES DISTRICT COURT**
10
                 **CENTRAL DISTRICT OF CALIFORNIA**
11
                      **WESTERN DIVISION**
12
   FORMAL ENTERTAINMENT LLC, a ) Case No. 2:23-cv-7888 CMB (SKx)
13 Delaware Corporation,              )
                                      )
14              Plaintiff,            ) MEMORANDUM OF POINTS AND
                                      ) AUTHORITIES IN SUPPORT OF
15         vs.                        ) MOTION TO DISMISS AND TO
                                      ) STRIKE
16 ZAIN JAVADD MALIK p/k/a ZAYN,      )
   an individual; DAVID DEBRANDON     ) [Fed. R. Civ. P. 12(b)(6) & 12(f)]
17 BROWN p/k/a LUCKY DAYE, an         )
   individual; DUSTIN ADRIAN BOWIE    )
18 p/k/a DAB, an individual; MICHAEL  ) Date: January 30, 2024
   LAVELL MCGREGOR, an individual;    ) Time: 10:00 a.m.
19 COLE ALAN CITRENBAUM, an           )
   individual; PHILIP VON BOCH        )     Courtroom of the Honorable
20 SCULLY, an individual; SONY MUSIC  )        Consuelo B. Marshall
   ENTERTAINMENT, a Delaware          )     United States District Judge
21 General Partnership; and DOES 1    )
   through 100,                       )
22                                    )
                Defendants.           )
23                                    )
                                      )
24 ———————————————————————

25

26

27

28

# **TABLE OF CONTENTS**

Page

1.    INTRODUCTION ........................................................................ 1

    (a)    Summary of Argument .......................................................... 1

    (b)    Summary of the First Amended Complaint's Allegations .................... 2

        (1)    Plaintiff's 2018 Recording, "Somebody Tonight" ................ 2

        (2)    Plaintiff's Allegations that *Better* Copies Plaintiff's "Somebody Tonight" ............................................ 3

        (3)    The Claims That Plaintiff Asserts .............................. 3

2.    PLAINTIFF'S CONTINUED FAILURE TO PLAUSIBLY PLEAD ACCESS JUSTIFIES DISMISSAL WITHOUT LEAVE TO AMEND ........ 4

    (a)    The Standards Governing the Rule 12(b)(6) Motion to Dismiss ........... 4

    (b)    Plaintiff Fails to Plausibly Allege That Copying Occurred ................. 5

        (1)    Plaintiff Must Plausibly Allege That Copying Occurred............. 5

        (2)    Plaintiff Has Never Alleged Striking Similarity ....................... 5

        (3)    Plaintiff Repeats its Allegations That Fail to Plead Access......... 6

            (i)    The Required Pleading of Non-Speculative Access.......... 7

            (ii)    Plaintiff Does Not Plead Widespread Dissemination........ 7

            (iii)    Plaintiff Still Just Speculates That the Creators of *Better* Might Have Received Plaintiff's Work ................. 9

3.    IF NOT DISMISSED FOR LACK OF ACCESS, THE CLAIMS ARE PROPERLY DISMISSED ON ADDITIONAL GROUNDS ........................ 12

    (a)    Plaintiff's Allegations of Substantial Similarity Are Conclusory........ 12

    (b)    Plaintiff's Claims for Direct and Secondary Liability ....................... 15

        (1)    Defendants Cannot Be Both Directly and Secondarily Liable .. 15

        (2)    Plaintiff Fails to Plead Contributory Infringement .................... 17

i

(3)    Plaintiff also Fails to Plead Vicarious Infringement .................. 19

(c)    Plaintiff's Prayer Seeks Relief Not Available as a Matter of Law ...... 21

(1)    A Rule 12(b)(6) Motion Is the Proper Procedure to Challenge Requested Remedies ................................. 21

(2)    The Prayer for a Judicial Declaration of Infringement Asserts an Unpleaded Claim That Is Duplicative of the Pleaded Claims ........................................................ 21

(3)    The Prayer Improperly Requests Compensatory and Special Damages in Addition to Section 504(b) Damages .................... 21

4.    IF THE ACTION IS NOT DISMISSED, THE MOTION TO STRIKE SHOULD BE GRANTED ............................................... 22

(a)    The Standards Governing the Rule 12(f) Motion to Strike ................. 22

(b)    The Allegations that Plaintiff Has Not Received Credit and an Interest in the Allegedly Infringing *Better* Are Properly Stricken ....... 23

(c)    If Not Dismissed, the Prayer's References to Declaratory Relief and Compensatory and Special Damages Should Be Stricken .................. 24

5.    CONCLUSION ............................................................. 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Recs., Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) ....................................... 12, 15, 18, 19, 20

*Art Attacks Ink LLC v. MGA Entm't Inc.*,
   581 F.3d 1138 (9th Cir. 2009) ............................................................. 7, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................... 4, 12

*Bank of Am., N.A. v. Knight*,
   725 F.3d 815 (7th Cir. 2013) ................................................................. 16

*Batiste v. Lewis*,
   976 F.3d 493 (5th Cir. 2020) ................................................................... 8

*Batiste v. Najm*,
   28 F. Supp. 3d 595 (E.D. La. 2014) ....................................................... 14

*Batts v. Adams*,
   No. CV 10-8123-JFW (RZX), 2011 WL 13217923 (C.D. Cal.
   Feb. 8, 2011) ............................................................................................ 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................... 4, 12, 13, 15, 16, 19, 20

*Bernal v. Paradigm Talent & Literary Agency*,
   788 F. Supp. 2d 1043 (C.D. Cal. 2010) ................................................. 10

*Briggs v. Blomkamp*,
   70 F. Supp. 3d 1155 (N.D. Cal. 2014) ..................................................... 6

*Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*,
   329 F.3d 923 (7th Cir. 2003) ................................................................. 22

*California Cap. Ins. Co. v. Maiden Reinsurance N. Am., Inc.*,
   472 F. Supp. 3d 754 (C.D. Cal. 2020) ................................................... 22

*CMM Cable Rep, Inc. v. Ocean Coast Props.*,
   97 F.3d 1504 (1st Cir. 1996) ................................................................. 14

iii

*Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142,
    901 F.3d 1142 (9th Cir. 2018) ............................................................ 17

*Danjaq LLC v. Sony Corp.*,
    263 F.3d 942 (9th Cir. 2001) ............................................................ 24

*eCash Tech. v. Guargliardo*,
    127 F. Supp. 2d 1069 (C.D. Cal. 2000) ............................................. 4

*Erickson v. Blake*,
    839 F. Supp. 2d 1132 (D. Or. 2012) ................................................. 14

*Evans v. Warner Bros. Entm't Inc.*,
    No. CV 18-3951-DSF (ASX), 2018 WL 6133660 (C.D. Cal.
    Sept. 17, 2018) ...................................................................... 7, 11

*Evergreen Safety Council v. RSA Network Inc.*,
    697 F.3d 1221 (9th Cir. 2012) ............................................................ 24

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds by Fogerty v.*
    *Fantasy, Inc.*, 510 U.S. 517 (1994) .................................................. 23

*Gable v. Nat'l Broad. Co.*,
    727 F. Supp. 2d 815 (C.D. Cal. 2010), *aff'd sub nom. Gable v. Nat'l*
    *Broad. Co.*, 438 F. App'x 587 (9th Cir. 2011) ................................. 6

*Graham v. James*,
    144 F.3d 229 (2d Cir. 1998)............................................................... 23

*Gray v. Hudson*,
    28 F.4th 87 (9th Cir. 2022) ............................................................... 14

*Guzman v. Hacienda Recs. & Recording Studio, Inc.*,
    808 F.3d 1031 (5th Cir. 2015) ........................................................... 8

*Hutchins v. Zoll Med. Corp.*,
    492 F.3d 1377 (Fed. Cir. 2007) ........................................................ 14

*Ileto v. Glock. Inc.*,
    349 F.3d 1191 (9th Cir. 2003) .......................................................... 4

*Jones v. Atlantic Records*,
    No. 22-CV-893 (ALC), 2023 WL 5577282 (S.D.N.Y. Aug. 29, 2023)................ 7

*Jorgensen v. Epic/Sony Recs.*,
    351 F.3d 46 (2d Cir. 2003) ................................................................. 6

*Klauber Bros., Inc. v. City Chic Collective Ltd.*,
    No. 22-1743-MWF, 2022 WL 17184799 (C.D. Cal. Aug. 26, 2022) ................. 11

*Klauber Bros., Inc. v. P.J. Salvage*,
    No. CV185470MWFJPRX, 2018 WL 6984817 (C.D. Cal. Oct. 30, 2018) ......... 11

*Klauber Bros., Inc. v. QVC, Inc.*,
    No. 1:19-CV-09321, 2020 WL 7029088 (S.D.N.Y. Nov. 30, 2020) ................. 10

*Lois v. Levin*,
    No. 222CV00926SVWADS, 2022 WL 4351968 (C.D. Cal. Sept. 16, 2022)........ 8

*Loomis v. Cornish*,
    836 F.3d 991 (9th Cir. 2016) ......................................................7, 8, 9, 10, 11

*Luvdarts, LLC v. AT & T Mobility, LLC*,
    710 F.3d 1068 (9th Cir. 2013) .......................................................17, 18, 19, 20

*Malibu Textiles, Inc. v. Label Lane Int'l Inc.*,
    922 F.3d 946 (9th Cir. 2019) ................................................................5, 7, 12

*Meta-Film Assocs., Inc. v. MCA, Inc.*,
    586 F. Supp. 1346 (C.D. Cal. 1984) ....................................................... 10

*Morrill v. Stefani*,
    338 F. Supp. 3d 1051 (C.D. Cal. 2018) ................................................... 14

*Mujica v. AirScan Inc.*,
    771 F.3d 580 (9th Cir. 2014) ..............................................................4, 12

*Narell v. Freeman*,
    872 F.2d 907 (9th Cir. 1989) ............................................................... 14

*Newton v. Diamond*,
    388 F.3d 1189 (9th Cir. 2004) ............................................................. 14

*Nguyen v. CTS Elecs. Mfg. Sols. Inc.*,
    301 F.R.D. 337 (N.D. Cal. 2014) .......................................................... 23

*Perfect 10, Inc. v. Giganews, Inc.*,
    847 F.3d 657 (9th Cir. 2017) .......................................................15, 17, 18, 20

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ............................................................................ 17

*Por Los Rios, Inc. v. Lions Gate Entm't, Inc.*,
    No. 2:13-CV-7640-CBM-PLA, 2014 WL 12605374 (C.D. Cal.
    May 21, 2014) ................................................................................................... 22

*Rentmeester v. Nike*,
    883 F.3d 1111 (9th Cir. 2018), *overruled on other grounds by*
    *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d
    1051 (9th Cir. 2020) ............................................................................ 5, 12, 13

*Rice v. Fox Broad. Co.*,
    330 F.3d 1170 (9th Cir. 2003), *overruled on other grounds by*
    *as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051
    (9th Cir. 2020) ................................................................................................. 8, 11

*Schkeiban v. Cameron*,
    No. CV 12-0636-R, 2012 WL 12895721 (C.D. Cal. July 20, 2012) ................... 11

*Seals-McClellan v. Dreamworks, Inc.*,
    120 F. App'x 3 (9th Cir. 2004) ............................................................................ 6

*Segal v. Segel*,
    No. 20-CV-1382-BAS-JLB, 2022 WL 198699 (S.D. Cal. Jan. 21, 2022) ......... 8, 9

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) ............................................................................ 22

*Silvers v. Sony Pictures Entm't, Inc.*,
    402 F.3d 881 (9th Cir. 2005) ............................................................................ 23

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
    952 F.3d 1051 (9th Cir. 2020) ........................................................ 5, 6, 7, 13, 14

*Smith v. Weeknd*,
    No. CV 19-2507 PA, 2019 WL 6998666 (C.D. Cal. Aug. 23, 2019) ...... 16, 18, 23

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
    464 U.S. 417 (1984) .......................................................................................... 21

*Sound & Color, LLC v. Smith*,
    No. 222CV01508ABASX, 2023 WL 2821881 (C.D. Cal. Feb. 28,
    2023) ............................................................................................................ 16, 18

*Stabile v. Paul Ltd.*,
137 F. Supp. 3d 1173 (C.D. Cal. 2015) ................................................................. 6

*Tee Turtle, LLC. v. Anhui Leadershow Household Indus. Co.*,
No. CV 21-4703-CBM-(EX), 2021 WL 4815018 (C.D. Cal. June 17,
2021) ..................................................................................................................... 9

*Thompson v. Hubbard*,
131 U.S. 123 (1889) ............................................................................................ 22

*Three Boys Music Corp. v. Bolton*,
212 F.3d 477 (9th Cir. 2000), *overruled on other grounds by Skidmore as
Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir.
2020) ...................................................................................................................... 7

*Towler v. Sayles*,
76 F.3d 579 (4th Cir. 1996) ............................................................................. 9, 10

*In re Toyota Motor Corp. Unintended Acceleration Litig.*,
754 F. Supp. 2d 1145 (C.D. Cal. 2010) ............................................................. 20

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
718 F.3d 1006 (9th Cir. 2013) ........................................................................... 12

*VMG Salsoul, LLC v. Ciccone*,
824 F.3d 871 (9th Cir. 2016) ............................................................................. 14

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010) ........................................................................ 20, 23

*Wongab Corp. v. Nordstrom, Inc.*,
2017 WL 10439833 (C.D. Cal. Sept. 21, 2017) .................................................. 6

*Woodland v. Hill*,
No. 222CV03930ABMRWX, 2022 WL 19250191 (C.D. Cal.
Dec. 8, 2022) ............................................................................................... 8, 9, 21

*Yoakam v. Warner Music Grp. Corp.*, No. 221CV01165SVWMAA,
2021 WL 3774225 (C.D. Cal. July 12, 2021) .................................................... 16

## Statutes

17 U.S.C.
§ 106................................................................................................15
§ 114(b)...........................................................................................14
§ 412................................................................................................22
§§ 502-05.........................................................................................23
§ 504................................................................................................22
§ 504(b).....................................................................................21, 22
§ 504(c)............................................................................................22
§ 504(c)(2).......................................................................................24
§ 505................................................................................................22

## Rules

Federal Rule of Civil Procedure
8.......................................................................................4, 12, 16
12(b)(6)........................................................4, 7, 13, 17, 18, 20, 22, 24
12(f)................................................................................20, 21, 22, 24

Local Rule 7-3......................................................................................1, 23

## Regulations

37 C.F.R. § 202.1(a)...............................................................................15

## Other Authorities

5A C.A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382
(1990).................................................................................................23

1 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 2.01[B][3].........................15

2 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT
§ 7.16[C][1][a][iii]...............................................................................22
§ 8.01[A] (2022)....................................................................................5

4 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT
§ 13.02[A]............................................................................................7
§ 13.02[B]............................................................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

### (a)    Summary of Argument

Defendants Philip Von Boch Scully, Michael Lavell McGregor, David Debrandon Brown, and Sony Music Entertainment ("Defendants") respectfully submit this Memorandum in support of their Motion to Dismiss and Strike directed to the First Amended Complaint of plaintiff Formal Entertainment LLC ("Plaintiff").

Plaintiff alleges that its managing member created a musical composition that was supposedly copied by defendants' song, *Better*. Pursuant to this Court's Local Rule 7-3, Defendants identified what they believe to be defects in Plaintiff's initial Complaint, and Plaintiff undertook to file an amended complaint. *See* Nov. 21, 2023, Stip. (Doc. 13) & Nov. 27, 2023, Order (Doc. 14).[1] However, Plaintiff's First Amended Complaint perpetuates those defects rather than cures them.

In particular, Plaintiff retains the exact same deficient access allegations as its initial Complaint even though those allegations are insufficient as a matter of well-established law. Plaintiff's failure to even try to fix its access theory proves there is nothing more Plaintiff can allege to plausibly plead that the creators of *Better* had access to Plaintiff's work. Since Plaintiff's failure to plausibly plead access is fatal for its claims for direct, contributory, and vicarious copyright infringement, they and this action are properly dismissed without leave to amend.

While that should end this case, there are additional defects in Plaintiff's claims. Although required to plead substantial similarity, Plaintiff refers only to unidentified similarities in melody and other musical elements. Further, the only similarity identified in the First Amended Complaint is that both works include the word "fight,"

---

[1]    This Memorandum contains hyperlinks to cited materials. Due apparently to the Court's security measures, hyperlinks to internal pages of documents on PACER may instead lead to the first page of the documents.

1

in altogether different lyrics.  That leaves Plaintiff with only conclusory allegations of similarity, which are not sufficient.  As a result, Plaintiff's copyright infringement claims also are properly dismissed for failing to allege the required substantial similarity.  In addition, Plaintiff, again in conclusory fashion, alleges the legal and factual impossibility that all defendants are directly, contributorily, and vicariously liable for the same alleged infringements.  For this additional reason, Plaintiff's infringement claims are properly dismissed.

Finally, Plaintiff's prayer assets claims for relief that are not available as a matter of law, and Plaintiff's First Amended Complaint alleges that Plaintiff has not received credit and an ownership interest in *Better* even though those also are not available remedies.  Those claims and allegations are properly dismissed or stricken.

### (b)   Summary of the First Amended Complaint's Allegations

Solely for the purposes of this Motion, the First Amended Complaint's properly pleaded allegations, although strenuously disputed, are taken as true.

### (1)   Plaintiff's 2018 Recording, "Somebody Tonight"

Plaintiff is a Delaware limited liability company whose managing member is Patrick Simmons, a composer and performer also known as "Havyn."  First Amended Complaint ("FAC") (Doc. 21) at 3:4-9.  In 2018, Simmons recorded Plaintiff's song, "Somebody Tonight."  Plaintiff alleges the song had "many thousands of digital streams on Spotify and streams on Spotify."  *Id.* at 6 ¶ 21.

In April 2020, Simmons engaged Talent Spotlite LLC, also referred to as "Modern Music Marketing" ("MMM"), "a company involved in the promotion of musical works," to promote another song.  Simmons' contact at MMM, Jonah Rindner, "indicated that MMM would promote 'Somebody Tonight' for free because Rindner believed it was Simmons' best song," and, in return for "a finder's fee," would send it to those in Rindner's "contact list that work[] in the music industry…."  *Id.* at 8-9 ¶ 29.  Plaintiff does not identify anyone to whom Rindner sent the song and also does not allege Rindner's efforts to place "Somebody Tonight" were successful.

**(2)   Plaintiff's Allegations that *Better* Copies Plaintiff's "Somebody Tonight"**

On or about September 25, 2020, the sound recording *Better*, featuring the recording artist Zain Javadd Malik, professionally known as Zayn, was released to the public.  FAC at 1:15-17, 6:14-15.  *Better* was written by Mr. Malik and the other individual defendants and distributed by defendant Sony Music Entertainment.  *Id.* at 6 ¶ 6:23-24.

Plaintiff alleges that when Simmons learned of *Better*, he contacted Rindner, who said he had "worked [Plaintiff's song,] implying that MMM promoted [it]." There is no allegation as to what that implied promotion entailed and, moreover, no allegation that Rindner claims to have provided "Something Tonight" to anyone involved in the creation of *Better*.  To the contrary, when Simmons asked Rindner if *Better* is based on "Something Tonight," Rindner responded "How would I know." *Id.* at 9 ¶ 30.  Nevertheless, Plaintiff alleges, *only on information and belief*, that the *Better* songwriters and Sony Music Entertainment "became aware of Simmons' 'Somebody Tonight' by and through MMM." *Id.* at 9-10 ¶ 31.

Plaintiff's initial Complaint did not identify any similarities between *Better* and "Somebody Tonight," instead alleging they "contain essential compositional elements so similar as to evidence the conscious copying of one in pursuit of the creation of the other."  Complaint (Doc. 1) at 8-9 ¶ 29.  Plaintiff's First Amended Complaint adds allegations of similarities in melody, chord progression, and other musical elements, without identifying the similarities, and alleges the word "fight" appears in both songs' lyrics.  FAC at 7-8 ¶¶ 24-27.

**(3)   The Claims That Plaintiff Asserts**

Based on these allegations, Plaintiff asserts against all defendants a first claim for direct copyright infringement, a second claim for contributory copyright infringement, and a third claim for vicious copyright infringement.  FAC at 11-18 ¶¶ 38-82.

**2.**      **PLAINTIFF'S CONTINUED FAILURE TO PLAUSIBLY PLEAD ACCESS JUSTIFIES DISMISSAL WITHOUT LEAVE TO AMEND**

While there are many defects in Plaintiff's claims, those claims fail for the specific, distinct, and fundamental reason that they merely speculate that the creators of *Better* might have heard Plaintiff's work. Further, Plaintiff's failure to change in its First Amended Complaint a single allegation as to access confirms that Plaintiff has no more to offer as to access and, as a result, amendment would be futile.

     **(a)**      **The Standards Governing the Rule 12(b)(6) Motion to Dismiss**

A Federal Rule of Civil Procedure 12(b)(6) motion "tests the legal sufficiency of the claims asserted in the complaint." *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). While "[t]he Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them" (*eCash Tech. v. Guargliardo*, 127 F. Supp. 2d 1069, 1074 (C.D. Cal. 2000)), the plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting* *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Further, any "suggest[ion] that courts retain discretion to permit discovery whenever a plaintiff has failed to satisfy Rule 8's plausibility standard, … is simply incompatible with *Iqbal* and *Twombly*." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 n.7 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise") and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if

groundless, be weeded out early in the discovery process through 'careful case management'"")).

Applying these unassailable, established principles compels dismissal of Plaintiffs' claims for failure to plead access, without leave to amend.

**(b)**  **Plaintiff Fails to Plausibly Allege That Copying Occurred**

**(1)**  **Plaintiff Must Plausibly Allege That Copying Occurred**

"To state a claim for copyright infringement, [the plaintiff] must plausibly allege two things: (1) that he owns a valid copyright in his [work], and (2) that [the defendant] copied protected aspects of the [work's] expression." _Rentmeester v. Nike_, _883 F.3d 1111, 1116-17 (9th Cir. 2018)_ (affirming Rule 12(b)(6) dismissal), _overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin_, 952 _F.3d 1051 (9th Cir. 2020)_. "The second prong of the infringement analysis contains two separate components: 'copying' and 'unlawful appropriation' [and a]lthough these requirements are too often referred to in shorthand lingo as the need to prove 'substantial similarity,' they are distinct concepts." _Skidmore_, 952 F.3d at 1064.

The requirement that the copyright plaintiff plausibly plead that copying occurred "is necessary because independent creation is a complete defense to copyright infringement." _Rentmeester_, 883 F.3d at 1117. As a result, "absent copying, there can be no infringement of copyright, regardless of the extent of similarity." 2 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 8.01[A] (2023). The historical fact of copying is pleaded by plausibly alleging (1) "striking similarity" that can only be the result of copying, or (2) the defendant's access to the plaintiff's work, plus substantial similarities that are probative of copying. _Malibu Textiles, Inc. v. Label Lane Int'l Inc._, 922 F.3d 946, 952 (9th Cir. 2019). Plaintiff fails to plausibly plead either and, as a result, again fails to plead that copying even occurred.

**(2)**  **Plaintiff Has Never Alleged Striking Similarity**

"[I]n rare cases, a plaintiff can prove copying even without proof of access if he can show that the two works are not only similar, but are so strikingly similar as to

preclude the possibility of independent creation." <u>Gable v. Nat'l Broad. Co.</u>, 727 F. Supp. 2d 815, 823 (C.D. Cal. 2010), *aff'd sub nom.* <u>Gable v. Nat'l Broad. Co.</u>, 438 F. App'x 587 (9th Cir. 2011).  Striking similarity means "the accused work *could not possibly* have been the result of independent creation." <u>Stabile v. Paul Ltd.</u>, 137 F. Supp. 3d 1173, 1188 (C.D. Cal. 2015) (quoting <u>Seals-McClellan v. Dreamworks, Inc.</u>, 120 F.  App'x 3, 4 (9th Cir. 2004) (emphasis in original)).  "In other words, as a matter of logic, the only explanation for the similarities between the two works must be 'copying rather than … coincidence, independent creation, or prior common source.'" 4 Nimmer on Copyright § 13.02[B] (quoting <u>Skidmore</u>, 952 F.3d at 1064); <u>Stabile</u>, 137 F. Supp. 3d at 1188 ("Striking similarity is a high bar." (quoting <u>Briggs v. Blomkamp,</u> 70 F. Supp. 3d 1155, 1166–1167 (N.D. Cal. 2014))).  Whether a plaintiff has plausibly alleged striking similarity may be decided at the pleading level.  *See, e.g.,* <u>Wongab Corp. v. Nordstrom, Inc.</u>, 2017 WL 10439833, at *6-7 (C.D. Cal. Sept. 21, 2017) (granting motion to dismiss copyright infringement claim).

Here, neither Plaintiff's initial Complaint nor its First Amended Complaint even mention, let alone plausibly allege, striking similarity that can only be the result of copying.  To the contrary, Plaintiff's First Amended Complaint alleges that *Better* and Plaintiff's work are "substantially similar." *See, e.g.,* <u>FAC at 8:8-12</u> (the alleged copying of "the combination of chord progression, melody, timing of chord changes, rhythm, and enunciation of lyrical elements of the verses and chorus … renders both pieces *substantially similar*." (emphasis added)).  Plaintiff's allegations of substantial similarity negate striking similarity. *See, e.g.,* <u>Jorgensen v. Epic/Sony Recs.</u>, 351 F.3d 46, 56, 56 n.9 (2d Cir. 2003) (claim that works substantial similar precluded argument they were strikingly similar).

### (3)   Plaintiff Repeats its Allegations That Fail to Plead Access

Accordingly, to plead the required element of copying, Plaintiff must plausibly plead both "the defendant's access to the plaintiff's work, plus substantial similarities

///

1    that are probative of copying." *Malibu Textiles*, 922 F.3d at 952.  Plaintiff trips as to

2    the first prong because Plaintiff has confirmed it cannot plausibly plead access.

3                   **(i)      The Required Pleading of Non-Speculative Access**

4            To assert a viable claim of access, a plaintiff must allege sufficient factual

5    content to establish a "reasonable possibility, not merely a bare possibility, that an

6    alleged infringer had the chance to view the protected work." *Art Attacks Ink LLC v.*

7    *MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009).  Access is generally shown

8    through facts "(1) establishing a chain of events linking the plaintiff's work and the

9    defendant's access, or (2) showing that plaintiff's work has been widely

10   disseminated." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016).  But "[a]ccess

11   may not be inferred through mere speculation or conjecture." *Three Boys Music Corp.*

12   *v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (quoting 4 NIMMER ON COPYRIGHT §

13   13.02[A]), *overruled on other grounds by Skidmore*, 952 F.3d 1051.  Further, Rule

14   12(b)(6) dismissal is proper when a complaint fails to allege factual content plausibly

15   pleading that the creators of the allegedly infringing work had a non-speculative

16   opportunity to see or hear the plaintiff's work.  *See, e.g., Jones v. Atlantic Records*,

17   No. 22-CV-893 (ALC), 2023 WL 5577282, at *4 (S.D.N.Y. Aug. 29, 2023) (failure

18   to plead facts establishing non-speculative access; action dismissed with prejudice);

19   *Evans v. Warner Bros. Entm't Inc.*, No. CV 18-3951-DSF (ASX), 2018 WL 6133660,

20   at *3 (C.D. Cal. Sept. 17, 2018) (same; action dismissed with prejudice).

21                   **(ii)     Plaintiff Does Not Plead Widespread Dissemination**

22           Plaintiff alleges access "by and through MMM," that is, by a chain-of-events

23   theory rather than by widespread dissemination.  FAC at 9-10 ¶ 31.  However,

24   Plaintiff's allegations also fail to plausibly plead access by widespread dissemination.

25           "In most cases, … widespread dissemination centers on the degree of a work's

26   commercial success and on its distribution through radio, television, and other

27   relevant mediums." *Loomis*, 836 F.3d at 997.  "Allegations that support a finding of

28   access through wide dissemination are those that enable a court to infer plausibly that

                                                   7

the alleged protected works reached an audience sufficiently large and diverse to render reasonable the possibility the alleged infringer himself is among that audience." *Segal v. Segel*, No. 20-CV-1382-BAS-JLB, 2022 WL 198699, at *9 (S.D. Cal. Jan. 21, 2022).  "For musical works, plaintiffs often prove widespread dissemination with evidence of frequent airplay, 'record sales, awards, billboard charts, or royalty revenues.'"  *Batiste v. Lewis*, 976 F.3d 493, 503 (5th Cir. 2020) (quoting *Guzman v. Hacienda Recs. & Recording Studio, Inc.*, 808 F.3d 1031, 1038 (5th Cir. 2015)). Widespread dissemination also might result from the "saturation [of the plaintiff's work] in a relevant market in which both the plaintiff and the defendant participate." *Loomis*, 836 F.3d at 997.

Here, Plaintiff does not claim its work received any awards, "charted" on Billboard, or was released as physical recordings, let alone released by a record company.  Neither does Plaintiff claim, let alone plausibly claim, that its work saturated the music industry.  Instead, Plaintiff alleges that it posted its work on Spotify and YouTube, "with many thousands of digital streams on Spotify, and [an unstated number of] streams on YouTube."  FAC at 6 ¶ 21.  However, there are literally billions of hours of Spotify streams each year.  *See* Defendants' accompanying Request for Judicial Notice.  Further, to establish "wide dissemination" "a work's degree of commercial success or notoriety must be substantial." *Woodland v. Hill*, No. 222CV03930ABMRWX, 2022 WL 19250191, at *3 (C.D. Cal. Dec. 8, 2022) (granting motion to dismiss (citing *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003) (plaintiff's sale of 17,000 copies of video did not establish wide dissemination), *overruled on other grounds by Skidmore*, 952 F.3d 1051, and *Art Attacks*, 581 F.3d at 1144-45 (plaintiff's sale of 2,000 t-shirts bearing its artwork did not establish wide dissemination))).

Further, "[i]n the context of the Internet, '[c]ourts within this Circuit and our sister Circuits have consistently held that the mere availability of a work online is insufficient to establish widespread dissemination.'"  *Woodland*, 2022 WL 19250191,

at *3 (quoting *Lois v. Levin*, No. 222CV00926SVWADS, 2022 WL 4351968, at *3 (C.D. Cal. Sept. 16, 2022) (availability of plaintiff's song "through major streaming platforms including iTunes, Apple Music, Amazon Music, Spotify, Tidal, and SoundCloud" did not plausibly plead widespread dissemination (gathering cases))). "Put differently, that a work has the capacity to reach anyone with an internet connection by virtue of its presence on the worldwide web renders it merely possible, not reasonably possible, that the alleged infringer viewed that work." *Id.* (quoting *Segal*, 2022 WL 198699, at *9); *see also Batts v. Adams*, No. CV 10-8123-JFW (RZX), 2011 WL 13217923, at *4 (C.D. Cal. Feb. 8, 2011) (possibility of finding a particular song on the Internet is the modern day equivalent of finding a needle in a haystack when the defendant is not looking for it and does not know it exists).

Courts that have found access by widespread dissemination on the Internet have relied on truly extensive dissemination on a grand scale.  *See, e.g., Tee Turtle, LLC. v. Anhui Leadershow Household Indus. Co.*, No. CV 21-4703-CBM-(EX), 2021 WL 4815018, at *2 (C.D. Cal. June 17, 2021) (widespread dissemination where plaintiff's Tik Tok videos featuring its works had been viewed nearly 12,000,000 times and there had been 1,646,321 sales of its works, which had been extensively marketed, ranked as a best seller, and received significant media attention).  Here, Plaintiff's allegation of "many thousands of streams on Spotify and [unstated] streams on YouTube" falls far short of establishing widespread dissemination making it reasonable to infer Plaintiff's work was heard by *Better*'s creators.

### (iii)   Plaintiff Still Just Speculates That the Creators of *Better* Might Have Received Plaintiff's Work

Accordingly, to avoid dismissal for failure to plausibly plead access, Plaintiff is left with "establishing a chain of events linking the plaintiff's work and the defendant's access...." *Loomis*, 836 F.3d at 995.  A chain-of-events access theory requires "a nexus" between (1) a person with possession of the plaintiff's work and (2) the individuals who created the allegedly infringing work.  *Loomis*, 836 F.3d at

995-96.  That nexus must be a "close relationship" with the individual creators (*id.* (quoting *Towler v. Sayles*, 76 F.3d 579, 582–83 (4th Cir. 1996))), such as "a supervisor with responsibility for the defendant's project, [or someone who] was part of the same work unit as the copier, or contributed creative ideas or material to the defendant's work."  *Loomis*, 836 F.3d at 995 (quoting *Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1355-56 (C.D. Cal. 1984)).

Here, Plaintiff has stayed with its initial Complaint's allegations that MMM's Rindner agreed to "promote" Plaintiff's work and send it to "every [unidentified] person on [Rindner's] contact list that works in the music industry…," and that Rindner later stated he had "worked [Plaintiff's work]" but had no idea whether the creators of *Better* used it.  FAC at 8-9 ¶¶ 29-30.  Plaintiff then simply concludes, *upon unstated information and belief*, that the creators of *Better* somehow, in an unstated way, "became aware of [Plaintiff's work] by and through MMM."  *Id.* at 9 ¶ 31.  Of course, alleging access on information and belief "is wholly inadequate since it fails to provide any actual facts to allow the Court to infer that any Defendant had access to Plaintiff's designs."  *Klauber Bros., Inc. v. QVC, Inc.*, No. 1:19-CV-09321, 2020 WL 7029088, at *9 (S.D.N.Y. Nov. 30, 2020) (complaint dismissed without leave to amend where plaintiff plausibly pleaded other elements but alleged access on information and belief).

Moreover, Plaintiff still fails to allege any nexus between *Better*'s creators and any promotion by MMM.  For example, there is no allegation that MMM provided Plaintiff's work to *Better*'s creators or to anyone with a "close relationship" with them. *Loomis*, 836 F.3d at 995-96 (quoting *Towler*, 76 F.3d at 582–83).  While there also is no allegation that MMM provided Plaintiff's work to anyone at Sony Music Entertainment, access cannot be shown by "'bare corporate receipt' of [a plaintiff's] work by an individual who shares a common employer with the alleged copier." *Loomis*, 836 F.3d at 995-96 (quoting *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1056 (C.D. Cal. 2010)).

Plaintiff's failure to allege factual content establishing that a person with Plaintiff's work was involved in the creation of *Better* is a fatal flaw in Plaintiff's claims.  For example, in <u>*Loomis*</u> the plaintiff provided his recording to an artist and repertoire ("A&R") representative at the record company that released the allegedly infringing recording and whose job was to "'find' and 'share' music."  However, there was no evidence that the representative was involved in the defendant songwriters' creation of that recording, and the plaintiff's "mere speculation" that the representative might have been involved was insufficient to defeat summary judgment.  <u>*Id.*</u> at 995-96; *see also* <u>*Rice*, 330 F.3d at 1178</u> (alleged statement by defendant's talent agent that he liked plaintiff's video insufficient to establish talent agent's client had access to video).

District Courts have repeatedly dismissed complaints when, as here, the plaintiff relies on speculation that its work might have found its way to the creators of the allegedly infringing work.  *See, e.g.,* <u>*Klauber Bros., Inc. v. P.J. Salvage*, No. CV185470MWFJPRX, 2018 WL 6984817, at *4 (C.D. Cal. Oct. 30, 2018)</u> (allegations that defendants could have learned of plaintiff's designs by visiting plaintiff's showroom, through third parties, or by sales to the public, insufficient and speculative; motion to dismiss granted); <u>*Evans v. Warner Bros. Entm't Inc.*, No. CV 18-3951-DSF (ASX), 2018 WL 6133660, at *3 (C.D. Cal. Sept. 17, 2018)</u> (allegation that plaintiff's book given to two actors failed to plausibly plead that producer received book; action dismissed with prejudice); <u>*Schkeiban v. Cameron*, No. CV 12-0636-R (MANX), 2012 WL 12895721, at *1 (C.D. Cal. July 20, 2012)</u> (allegation that plaintiff gave work to person who supposedly gave it to defendant insufficient where plaintiff failed to allege relationship between that person and defendant); *see also* <u>*Klauber Bros., Inc. v. City Chic Collective Ltd.*, No. 22-1743-MWF (MRWX), 2022 WL 17184799, at *6 (C.D. Cal. Aug. 26, 2022)</u> (allegations that plaintiff provided its designs to its "authorized distributors" "do not demonstrate that … its designs were ///

11

readily available to ***the particular Defendants***" who allegedly copied it (emphasis in original)).

Nor may Plaintiff avoid dismissal by arguing that discovery might confirm his speculation that the creators of *Better* received Plaintiff's work.  But that is just more speculation.  Further, after *Iqbal* and *Twombly*, courts no longer "retain discretion to permit discovery whenever a plaintiff has failed to satisfy <u>Rule 8</u>'s plausibility standard…." <u>*Mujica*, 771 F.3d at 593 n.7</u>.  The simple fact—confirmed by Plaintiff's failure to amend its access allegations in its initial Complaint—is that Plaintiff has improperly sued without an actual basis to allege that Defendants somehow learned of its work.

Plaintiff's failure to plead, let alone plausibly plead, that the individuals who created *Better* had access to Plaintiff's work dooms the first claim for direct copyright infringement.  Further, "[i]t is well-established that '[s]econdary liability for copyright infringement does not exist in the absence of direct infringement....'"  <u>*UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1031 (9th Cir. 2013)</u> (quoting <u>*A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)</u>).  As a result, Plaintiff's second and third claims for contributory and vicarious infringement claims fail for lack of a direct infringement claim.

Accordingly, the Motion to Dismiss should be granted and Plaintiff's First Amended Complaint dismissed, without leave to amend.

**3.     <u>IF NOT DISMISSED FOR LACK OF ACCESS, THE CLAIMS ARE PROPERLY DISMISSED ON ADDITIONAL GROUNDS</u>**

While Plaintiff's inability to plead access—let alone plausibly plead access—is dispositive, there are additional defects in the First Amended Complaint.

**(a)     <u>Plaintiff's Allegations of Substantial Similarity Are Conclusory</u>**

To plead the required element that copying occurred, a plaintiff must not only plead access but also "substantial similarities that are probative of copying."  *Malibu Textiles*, 922 F.3d at 952.  To plead substantial similarities probative of copyright, the

1  complaint must allege "similarities one would not expect to arise if the two works had
2  been created independently." _Rentmeester_, 883 F.3d at 1117.

3      Also, to plead copyright infringement the plaintiff must allege substantial
4  similarities in "protected elements of the plaintiff's work." _Rentmeester_, 883 F.3d at
5  1117. A two-part analysis is applied, consisting of an "extrinsic test" and an "intrinsic
6  test." _Skidmore_, 952 F.3d at 1064. "The extrinsic test assesses the objective
7  similarities of the two works, focusing only on the protectable elements of the
8  plaintiff's expression." _Rentmeester_, 883 F.3d at 1118. Rule 12(b)(6) dismissal of a
9  case is appropriate if the claimed similarities are not in protected expression under the
10  extrinsic test. _Id._ at 1123 (affirming Rule 12(b)(6) dismissal for failure to plead
11  substantial similarity in protected expression).

12      Here, Plaintiff's initial Complaint does not _identify_ any musical notes, lyrics, or
13  other claimed similarities between Plaintiff's work and _Better_. Instead, Plaintiff just
14  relied on conclusory references to "numerous significant compositional elements,"
15  "essential compositional and other elements," "essential compositional elements," and
16  "essential, distinctive, and recognizable elements [and] signature elements…."
17  Complaint at 7 ¶ 24, 8-9 ¶ 29, 12 ¶ 54, and 15 ¶ 68. After agreeing to amend, Plaintiff
18  identifies only one claimed similarity, namely the word "fight" in Plaintiff's lyric
19  "fight anymore" and _Better_'s lyric "why wait to fight." FAC at 8:1-3. And rather
20  than alleging any claimed similarity in musical notes or other musical elements,
21  Plaintiff refers to unidentified similarities in melody, chord progressions and the
22  timing of their chord changes, rhythm, "enunciation of lyrical elements," and "soul."
23  FAC at 7-8 ¶¶ 24-27. These allegations do not plead substantial similarity probative
24  of copying, let alone substantial similarity in protected expression.

25      First, bare references to melody and other musical terms without identifying
26  any claimed similarities are insufficient because a plaintiff must plead "more than
27  labels" and "give the defendant fair notice of what the … claim is and the grounds
28  upon which it rests." _Twombly_, 550 U.S. at 570 (citations omitted). Further, Plaintiff's

references to musical elements do not establish substantial similarity in protected expression because those musical elements are not themselves protected as a matter of law.  Plaintiff refers to unidentified similarity in melody, but melodies of three or four notes, and perhaps up to seven notes, are not protected by copyright.  *Skidmore*, 952 F.3d at 1071.  As a result, incanting "melody" establishes nothing.  Nor does copyright protect chord progressions (*Gray v. Hudson*, 28 F.4th 87, 100 (9th Cir. 2022)) or rhythm (*id.* at 98-99; *see, also Batiste v. Najm*, 28 F. Supp. 3d 595, 616 (E.D. La. 2014) ("courts have been consistent in finding rhythm to be unprotectable"); *Morrill v. Stefani*, 338 F. Supp. 3d 1051, 1060 (C.D. Cal. 2018) ("the use of a long-short-long rhythm is too general to be protectable")).  The "enunciation of lyrics"— that is, how a singer sings lyrics—is a performance element that is not protected by the composition copyright that Plaintiff alleges was infringed.  *Newton v. Diamond*, 388 F.3d 1189, 1194 (9th Cir. 2004) (how the plaintiff played flute and sang are "performance elements" not protected by plaintiff's musical composition copyright); *Gray*, 28 F.4th at 99 (choice of instrument to play a song not protected by composition copyright).[2]  "Soul," whatever that may mean, also is not protected by copyright.  *See, e.g., Gray*, 28 F.4th at 100 (no copyright protection in "musical texture").

Finally, as to the one claimed similarity that Plaintiff *does* identify, the lyric "fight anymore" is not substantially similar to the lyric "why wait to fight" and, in any event, "[i]t is axiomatic that copyright law denies protection to 'fragmentary words and phrases'…." *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1384 (Fed. Cir. 2007) (quoting *CMM Cable Rep, Inc. v. Ocean Coast Props.*, 97 F.3d 1504, 1519 (1st Cir.

---

[2]   A *sound recording* copyright may protect against the incorporation of "the actual sounds fixed in [a] sound recording." 17 U.S.C. § 114(b).  But Plaintiff claims the alleged "copying of numerous significant *compositional elements* of" its work. FAC at 6:12-13 (emphasis added); *see also id.* at 11 ¶ 39; *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 877 (9th Cir. 2016) ("Sound recordings and musical compositions are separate works with their own distinct copyrights." (quoting *Erickson v. Blake*, 839 F. Supp. 2d 1132, 1135 n.3 (D. Or. 2012))).

1996))*; see also <u>Narell v. Freeman</u>*, 872 F.2d 907, 911 (9th Cir. 1989) (no copyright protection in admittedly copied phrases "river wound its way between muddy banks crawling with alligators," "hordes of gold seekers," "shanties and corrugated [iron/steel] shacks . . . were crowded together" and "beach was strewn with boxes, bales"); <u>Copyright Office & Procedures, 37 C.F.R. § 202.1(a)</u> ("[w]ords and short phrases" are not copyrightable); <u>1 NIMMER ON COPYRIGHT § 2.01[B][3]</u> ("Cases also deny protection to fragmentary words or phrases").

Plaintiff fails to identify the claimed similarities, and conclusory references to musical terms does not "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *<u>Twombly</u>*, 550 U.S. at 570. For this additional and independent reason, the Motion to Dismiss the claim for direct copyright infringement, and with it Plaintiff's claims for contributory and vicarious copyright infringement (*see above* at 12:11-16), is properly granted.

**(b)    <u>Plaintiff's Claims for Direct and Secondary Liability</u>**

There are fundamental and important differences among direct copyright infringement, contributory infringement, and vicarious infringement. Yet Plaintiff, despite amending, once again improperly sues all defendants for all three claims and also fails to plead the elements of the latter two claims.

**(1)    Defendants Cannot Be Both Directly and Secondarily Liable**

A direct copyright infringement claim is based on pleading, *inter alia*, "that the alleged infringers violated at least one exclusive right granted to copyright holders under <u>17 U.S.C. § 106</u>." *<u>Perfect 10, Inc. v. Giganews, Inc.</u>*, 847 F.3d 657, 666 (9th Cir. 2017) ("*<u>Giganews</u>*") (quoting <u>*Napster*</u>, 239 F.3d at 1013). Plaintiff's first claim for relief is labeled as direct copyright infringement, "Against All Defendants" (<u>FAC at 11:5-7</u>), and alleges that all defendants have directly infringed Plaintiff's claimed exclusive rights of "reproduction, distribution, performance, display, and creation of derivative work[s]" (*<u>id.</u> at 11 ¶¶ 39-40*).

///

15

But Plaintiff also sues "All Defendants" for contributory and vicarious infringement. _Id._ at 13:22-24, 16:14-16.  Those are secondary liability claims that require a "direct infringement by a third party." _Napster_, 239 F.3d at 1013 n.2.  As a result, a defendant allegedly liable for contributory or vicarious infringement cannot be directly liable for the same infringement.  *See, e.g.,* _Sound & Color, LLC v. Smith_, No. 222CV01508ABASX, 2023 WL 2821881, at *16 (C.D. Cal. Feb. 28, 2023) ("a defendant cannot be secondarily liable for their own direct infringement"); _Smith v. Weeknd_, No. CV 19-2507 PA (MRWX), 2019 WL 6998666, at *3 (C.D. Cal. Aug. 23, 2019) (same).

In addition, Plaintiff not only impermissibly sues all defendants on all three claims but also specifically alleges *in its first claim for direct infringement* that all defendants "had the right and ability to control other infringers and have derived an extreme financial benefit … such that *Defendants must be found vicariously liable* to Plaintiff." FAC at 12 ¶ 48 (emphasis added).  That allegation alone negates Plaintiff's claim for direct infringement because a defendant cannot be both directly and vicariously liable for the same infringement.

In addition, "[l]iability is personal….  The Rules of Civil Procedure set up a system of notice pleading [and e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." _Bank of Am., N.A. v. Knight_, 725 F.3d 815, 818 (7th Cir. 2013).  But Plaintiff—by asserting its claim for direct infringement, as well as its secondary liability claims, "Against All Defendants"—fails to give each "defendant fair notice of what the . . . claim is and the grounds upon which it rests." _Twombly_, 550 U.S. at 555 (citation omitted); *see also* _Yoakam v. Warner Music Grp. Corp._, No. 221CV01165SVWMAA, 2021 WL 3774225, at *10 (C.D. Cal. July 12, 2021) ("[A] complaint based on a theory of collective responsibility must be dismissed" (quoting _Bank of America_, 725 F.3d at 818)).  Since a defendant cannot be both directly and secondarily liable, Plaintiff leaves each defendant to guess the alleged infringements

///

1   for which he or it is supposedly directly liable and the alleged infringements for which

2   he or it is supposedly secondarily liable.

3        Rule 8 and caselaw interpreting it require more and, accordingly, Plaintiff fails

4   to plead its first claim for direct copyright infringement.

### (2)   Plaintiff Fails to Plead Contributory Infringement

6        Contributory copyright infringement is "a form of secondary liability" and

7   applies if a defendant "(1) has knowledge of another's infringement and (2) either (a)

8   materially contributes to or (b) induces that infringement." *Giganews*, 847 F.3d at

9   670 (quoting *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir.

10  2007)).   Importantly, conclusory allegations are insufficient to state a claim for

11  contributory copyright infringement.   *Luvdarts, LLC v. AT & T Mobility, LLC*, 710

12  F.3d 1068, 1072 (9th Cir. 2013) (Rule 12(b)(6) dismissal affirmed); *see also Cobbler*

13  *Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1148 (9th Cir. 2018) (Rule 12(b)(6)

14  dismissal affirmed where plaintiff's allegations failed to establish that supposed

15  contributory infringer "actively encourage[ed] (or induc[ed] ) infringement through

16  specific acts" (citation omitted)).

17       Plaintiff's second claim is for contributory infringement and asserted "Against

18  All Defendants," but the claim incorporates all prior allegations, including Plaintiff's

19  allegations that "All Defendants" are direct infringers.   FAC at 13 ¶ 53.   Moreover,

20  the body of Plaintiff's contributory infringement claim is largely a cut-and-paste

21  repeating verbatim the first claim for direct infringement.   *Compare id.* at 11-13 ¶¶

22  40-52 *with id.* at 13-16 ¶¶ 54-56, 59-68.   None of those paragraphs even purport to

23  allege the elements of contributory infringement.

24       As for the two paragraphs in the second claim that Plaintiff added to those

25  Plaintiff copied from the first claim, they are limited to the following:

26           "57.   Defendants actively participated in or subsequently ratified

27           and adopted, or both, each and all of the acts or conduct alleged herein

28           with full knowledge of each and every violation of Plaintiff's rights."

"58.   By and through MMM and Rindner's distribution of the Original Work to Defendants, Defendants knew and or had reason to know that the Infringing Work derived from the Original Work. Notwithstanding this knowledge, Defendants continued to exploit the Original Work in creating, producing, performing, and distributing the Infringing Work."

*Id.* at 14  ¶¶ 57-58.   These added paragraphs do not save Plaintiff's claim for contributory infringement.  First, neither paragraph includes the required allegations establishing that a defendant materially contributed to or induced another's infringement. *See* Giganews, 847 F.3d at 670.  Second, Plaintiff's allegations that all defendants "participated in" the alleged infringement and "continue[] to exploit the Original Work in creating, producing, performing, and distributing the Infringing Work" are direct infringement allegations that negate, rather than plead, contributory liability. *See, e.g., Sound & Color*, 2023 WL 2821881, at *16 (granting Rule 12(b)(6) motion to dismiss claim for contributory copyright infringement based on conclusory allegations and without identifying the defendants allegedly contributorily rather than directly liable); *Smith*, 2019 WL 6998666, at *3 (same).

In addition, these allegations are conclusory and "conclusory allegations … are plainly insufficient" to state a claim for contributory infringement. *Luvdarts*, 710 F.3d at 1072 (Rule 12(b)(6) dismissal affirmed).  For example, to state a claim for contributory infringement a plaintiff must allege facts plausibly establishing the defendant's "'actual knowledge of specific acts of infringement' [that] is required for contributory infringement liability." *Id.* (quoting *Napster*, 239 F.3d at 1021).  Here, Plaintiff argues only that all defendants "knew or had reason to know" of the alleged infringement because, Plaintiff alleges, MMM agreed to promote Plaintiff's work. FAC at 14:12-14.  But since "actual knowledge" is required, an alleged "reason to know" is not sufficient to plead contributory infringement.

///

18

As for actual knowledge of the claimed infringement, Plaintiff relies on (1) its conclusory allegation on information and belief that defendants learned *of Plaintiff's work* because Rindner undertook to promote it, and (2) the conclusory assertion that defendants also knew *of the alleged infringement*.  But actual knowledge of an alleged infringement is not established by actual knowledge of the plaintiff's work.  *Luvdarts*, 710 F.3d at 1072-73 (plaintiff's allegation that it notified the defendants of the alleged infringement insufficient where plaintiff's notices only listed its works).  Plaintiff's conclusory allegation that defendants somehow knew of the alleged infringement does not plead "the requisite specific knowledge of infringement." *Id.* at 1072.

Adding to these defects, Plaintiff's contributory infringement claim as to "All Defendants" fails to notify each defendant of the identity of the alleged direct infringer that he or it supposedly induced or helped to infringe, and how he or it supposedly induced or helped that unidentified alleged direct infringer to infringe.  As a result, Plaintiff fails to give each "defendant fair notice of what the … claim [against him or it] is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570.

Plaintiff again fails to plead a claim for contributory infringement.

### (3)    **Plaintiff also Fails to Plead Vicarious Infringement**

Plaintiff's third and last claim incorporates all prior allegations but is for vicarious contributory copyright infringement.  FAC at 16:14-18.  "Vicarious copyright liability is an 'outgrowth' of respondeat superior [and] requires that the defendant had both the (1) 'right and ability to supervise the infringing activity' and (2) 'a direct financial interest' in the activity." *Luvdarts*, 710 F.3d at 1071 (quoting *Napster,* 239 F.3d at 1022).  Conclusory allegations also are insufficient to state a claim for vicarious copyright infringement. *Id.* at 1071-72.

Once again, Plaintiff asserts this secondary theory of liability against all defendants, even though Plaintiff alleges they all are direct infringers, and without any facts supporting that any particular defendants are vicariously liable for another's alleged infringements.  Also, Plaintiff's vicarious infringement claim simply repeats

1  verbatim its first claim's allegations.  *Compare* <u>FAC at 11-13 ¶¶ 39-52</u> *with* <u>id.</u> <u>at 16-</u>

2  <u>18 ¶¶ 70-82</u>.  That includes repeating verbatim the first claim's allegation that:

3     "78.   Defendants had the right and ability to control each other as

4     well as other infringers and have derived an extreme financial benefit

5     from the continued infringement alleged herein, including that

6     infringement Defendants failed to control, such that Defendants must be

7     found vicariously liable to Plaintiff."

8  <u>FAC at 17-18 ¶ 78</u> (identical to <u>id.</u> <u>at 12 ¶ 48</u>).  But that is just "a formulaic recitation

9  of the elements of a cause of action [and] will not do."  <u>Twombly</u>, 550 U.S. at 555.

10  Thus, the first requirement for vicarious liability is that the defendant has the

11  "right and ability to supervise the infringing activity…."  <u>Luvdarts</u>, 710 F.3d at 1071

12  (quoting <u>Napster</u>, 239 F.3d at 1022).   But Plaintiff merely alleges that "All

13  Defendants" "had the right and ability to control each other as well as other

14  [unidentified] infringers…."  That conclusory allegation is insufficient and Plaintiff's

15  failure to allege facts establishing that each Defendant had "a capacity to supervise

16  [allegedly infringing activity] is fatal to [the] claim of vicarious liability."  <u>Id.</u> at 1072.

17  The second requirement for vicarious liability is that the defendant had "'a

18  direct financial interest' in the activity."  <u>Id.</u> at 1071 (citation omitted).  Alleging a

19  "direct" financial interest requires allegations establishing "a causal link between the

20  infringing activities and a financial benefit to" the vicariously liable defendant.

21  <u>Giganews</u>, 847 F.3d at 673.  Yet Plaintiff merely offers the conclusory allegation that

22  defendants "have derived an extreme financial benefit from the continued

23  infringement alleged herein."  <u>FAC at 17-18 ¶ 78</u>.

24  Also, and once again, Plaintiff, by referring only to all defendants, fails to

25  provide each defendant any notice, let alone "fair notice," of alleged infringement the

26  defendant is supposedly vicariously liable for, and "the grounds upon which [that

27  claim against that defendant] rests."  <u>Twombly</u>, 550 U.S. at 570.

28  As a result, Plaintiff also again fails to plead a claim for vicarious infringement.

**(c)**   **Plaintiff's Prayer Seeks Relief Not Available as a Matter of Law**

**(1)**   **A Rule 12(b)(6) Motion Is the Proper Procedure to Challenge Requested Remedies**

A prayer for relief that is unavailable as a matter of law is properly challenged by a Rule 12(b)(6) motion to dismiss rather than a Rule 12(f) motion to strike. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010); *In re Toyota Motor Corp. Unintended Acceleration Litig.*, 754 F. Supp. 2d 1145, 1169-70 (C.D. Cal. 2010).[3]

**(2)**   **The Prayer for a Judicial Declaration of Infringement Asserts an Unpleaded Claim That Is Duplicative of the Pleaded Claims**

The First Amended Complaint includes a prayer for "a judicial determination and Declaration to the effect that Defendants have infringed the copyrighted work alleged herein, 'Somebody Tonight,' in violation of the Copyright Act." FAC at 19 ¶ A.  But Plaintiff does not allege a claim for declaratory relief and, in any event, a judicial declaration that "is entirely commensurate with the relief sought through [Plaintiff's] copyright infringement claim [is] duplicative and unnecessary." *See, e.g.*, *Woodland*, 2022 WL 19250191, at *5 (claim for declaration of alleged infringement dismissed; "District courts dismiss declaratory judgment claims as unnecessary when there are adequate forms of remedy at law available." (gathering cases)).  Accordingly, Plaintiff's prayer for declaratory relief is properly dismissed.

**(3)**   **The Prayer Improperly Requests Compensatory and Special Damages in Addition to Section 504(b) Damages**

After praying for "[a]n award of damages against Defendants pursuant to 17 U.S.C. § 504(b), including actual damages and disgorgement of profits reaped by

---

[3]    If the Court determines that a Rule 12(f) motion to strike is the proper procedure to challenge Plaintiff's prayer, Defendants' Motion seeks that relief in the alternative. *See* Defendants' Notice of Motion & Motion at 2-3; *see below* at 24.

Defendants," Plaintiff's First Amended Complaint goes on to also pray for "[c]ompensatory and special damages according to proof offered and made at the time of trial." <u>FAC at 19 ¶¶ D-C</u>.  However, and aside from the fact that Plaintiff nowhere pleads special damages, "[t]he remedies for infringement 'are only those prescribed by Congress.'" <u>*Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 431 (1984)</u> (quoting <u>*Thompson v. Hubbard*, 131 U.S. 123, 151 (1889)</u>).  And the damages recoverable for alleged copyright infringement are limited to those specified in Section 504.  <u>17 U.S.C. § 504</u>; *see, e.g.,* <u>*Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, 329 F.3d 923, 931 (7th Cir. 2003)</u> (the Copyright Act "contains no provision for punitive damages" and, as result, they are not recoverable).[4]

Accordingly, Plaintiff's prayer for compensatory and special damages beyond Section 504(b) damages is properly dismissed for failure to state a claim or, alternatively, duplicative of the prayer for Section 504(b) damages.

## 4.   IF THE ACTION IS NOT DISMISSED, THE MOTION TO STRIKE SHOULD BE GRANTED

### (a)   The Standards Governing the Rule 12(f) Motion to Strike

"Under <u>Rule 12(f)</u>, the Court may strike 'any … redundant, immaterial, [or] impertinent … matter.'" <u>*California Cap. Ins. Co. v. Maiden Reinsurance N. Am., Inc.*, 472 F. Supp. 3d 754, 761 (C.D. Cal. 2020)</u> (quoting <u>Fed. R. Civ. P. 12(f)</u>; noting motions to strike are generally disfavored but granting motion to strike alleged tort

---

[4]     Plaintiff does not pray for statutory damages under Section 504(c) or attorney's fees under Section 505 because Plaintiff did not register the allegedly infringed copyright until after the alleged infringement began.  *See* <u>17 U.S.C. § 412</u>; <u>*Por Los Rios, Inc. v. Lions Gate Entm't, Inc.*, No. 2:13-CV-7640-CBM-PLA, 2014 WL 12605374, at *2 (C.D. Cal. May 21, 2014)</u> (granting Rule 12(b)(6) motion to dismiss request for attorneys' fees where alleged infringements commenced prior to registration of allegedly infringed copyrights).  Because registration is a precondition only for the party alleging infringement to recover attorneys' fees, Plaintiff's failure to timely register does not bar Defendants from seeking from Plaintiff the attorneys' fees they incur in this action.  *See, e.g.,* <u>2 Nimmer on Copyright § 7.16[C][1][a][iii]</u>.

remedies under claim for breach of implied covenant of good faith and fair dealing). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.* (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

"Redundant matter is defined as including a needless repetition of allegations." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, 301 F.R.D. 337, 342 (N.D. Cal. 2014). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Whittlestone*, 618 F.3d at 974 (quoting 5A C.A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382, at 706-07 (1990)).

**(b)**     **The Allegations that Plaintiff Has Not Received Credit and an Interest in the Allegedly Infringing *Better* Are Properly Stricken**

Plaintiff's initial Complaint repeatedly alleged that "Plaintiff has received no songwriter credit for, nor any copyright ownership interests in, any of the exploitations of "Better" or in the Infringing Work." *See, e.g.,* Complaint at 11 ¶ 41. In the Local Rule 7-3 pre-filing process, Defendants raised that "[c]opyright . . . is a creature of statute, and the only rights that exist under copyright law are those granted by statute." *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 883–84 (9th Cir. 2005). And the remedies the Copyright Act grants for copyright infringement do not include giving the plaintiff credit or an ownership interest in the defendant's work. 17 U.S.C. §§ 502-05; *see, also, Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998) (failure to accord the copyright plaintiff credit is not copyright infringement); *Smith*, 2019 WL 6998666, at *5 (C.D. Cal. Aug. 23, 2019) ("[N]o Ninth Circuit case has allowed the owner of the alleged underlying work to sue for a declaration that the original creator

23

is an owner or author of the allegedly infringing derivative work"). As a result, the initial Complaint's repeated allegations that Plaintiff has not received credit and an interest in *Better* are redundant, immaterial, and impertinent, as those terms have been defined by the courts.

Now, Plaintiff's First Amended Complaint repeats the same allegation that Plaintiff has been denied songwriter credit and an interest in *Better*, but this time adds, "demonstrating Defendants' willful intention to violate Plaintiff's copyright interests." FAC at 12 ¶ 46, 15 ¶ 62, and 17 ¶ 76. But that is argument, and willfulness is relevant to statutory damages, which Plaintiff does not and cannot seek. 17 U.S.C. § 504(c)(2); *see above* at 22 n.4. In addition, Plaintiff's argument is nonsensical because the fact he has not been credited or given an interest in *Better* does not prove the alleged infringement is willful since it also is completely consistent with a lack of knowledge of Plaintiff's work as well as a reasonable belief there is no infringement. *See, e.g., Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1229 (9th Cir. 2012) (continued use of allegedly infringing work not willful where reasonable belief work not infringing); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 959 (9th Cir. 2001) ("To hold that willfulness must be inferred whenever an alleged infringer uses an intellectual property in the face of disputed title would turn every copyright claim into willful infringement").

Accordingly, the First Amended Complaint's paragraphs 46, 62, and 76 are properly stricken as redundant, immaterial, and impertinent.

**(c)** **If Not Dismissed, the Prayer's References to Declaratory Relief and Compensatory and Special Damages Should Be Stricken**

Plaintiff's claims for declaratory relief and compensatory and special damages are properly dismissed pursuant to Rule 12(b)(6). *See above* at 21-22. If, however, the Court determines they are properly reached by a Rule 12(f) motion to strike, Defendants respectfully submit in the alternative that they should be stricken as redundant, immaterial, or impertinent.

5.    **CONCLUSION**

Plaintiff's First Amended Complaint repeats its initial Complaint's access allegations, and those allegations impermissibly rely on speculation and conjecture and clearly and unequivocally fail to plead that the individuals who created *Better* had a reasonable possibility to hear Plaintiff's work.  For that reason alone, Defendants' Motion to Dismiss should be granted, without leave to amend.

If for any reason that Motion is not granted without leave to amend, Defendants respectfully submit that Plaintiff's direct, contributory, and vicarious copyright infringement claims, as well as Plaintiff's prayers for declaratory relief and compensatory and special damages, are properly dismissed or, in the alternative, stricken along with Plaintiff's allegations that it has not been provided credit or an ownership interest in *Better*.

Dated: January 2, 2024

_____/s/ Peter Anderson_____
Peter Anderson, Esq.
Zoë McKinney, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
PHILIP VON BOCH SCULLY,
MICHAEL LAVELL MCGREGOR,
DAVID DEBRANDON BROWN, and
SONY MUSIC ENTERTAINMENT

25