UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FORMAL ENTERTAINMENT LLC, | Case No.: CV 23-7888-CBM-SKx |
|---|---|
| Plaintiff,<br>v.<br>ZAIN JAVADD MALIK p/k/a ZAYN, *et al*.,<br>Defendants. | **ORDER RE: DEFENDANTS' PHILIP VON BOCH SCULLY, MICHAEL LAVELL MCGREGOR, DAVID DEBRANDON BROWN, AND SONY MUSIC ENTERTAINMENT'S MOTION TO DISMISS AND TO STRIKE [22]** |

The matter before the Court is Defendants Philip Von Boch Scully, Michael Lavell McGregor, David Debrandon Brown, and Sony Music Entertainment's (collectively, "Defendants'") Motion to Dismiss and to Strike. (Dkt. No. 22.)

## I. BACKGROUND

This is a copyright infringement action arising from Defendants' alleged infringement of Plaintiff's copyrighted musical composition and sound recording titled "Somebody Tonight" (hereinafter, "Plaintiff's Work") based on the copyrighted musical composition and sound recording titled "Better" (hereinafter, "Defendants' Work" or the "Infringing Work"). On December 11, 2023, pursuant to the parties' stipulation, Plaintiff filed the First Amended Complaint ("FAC") naming Zain Javadd Malik p/l/a Zayn; David Debrandon Brown p/k/a Lucky

1

Daye; Dustin Adrian Bowie DAB; Michael Lavell McGregor; Cole Alan Citrenbaum; Philip Von Boch Scully; and Sony Entertainment as defendants. (Dk. No. 21.)  The FAC asserts three causes of action:  (1) direct copyright infringement; (2) contributory copyright infringement; and (3) vicarious copyright infringement.  (*Id*.)  Defendants now move to dismiss or strike portions of the FAC.  (Dkt. No. 22.)

## II. STATEMENT OF THE LAW

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A formulaic recitation of the elements of a cause of action will not suffice.  *Twombly*, 550 U.S. at 555. Labels and conclusions are insufficient to meet the Plaintiff's obligation to provide the grounds of his or her entitlement to relief.  *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  If a complaint cannot be cured by additional factual allegations, dismissal without leave to amend is proper.  *Id*.  A court may consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss.  *Tellabs, Inc. v.*

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *In re Stac Elec. Sec. Litig.,* 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

**B.      Federal Rule of Civil Procedure 12(f)**

Rule 12(f) of the Federal Rules of Civil Procedure provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010) (citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)).

### III.      DISCUSSION

**A.      Defendants' Request for Judicial Notice**

Defendants requests that the Court take judicial notice of the following three "facts":

1. "In 2018 (the year in which Plaintiff alleges its work was created (*see* First Amended Complaint (Doc. 21) at 6 ¶ 21), Spotify Technology S.A. ("Spotify") had over 40 million recordings available for streaming, 207 million active users each streaming an average of 26 hours of content in the fourth quarter of 2018—that is, 5,382,000,000 hours of content in that quarter alone—and 96 million premium subscribers.";

2. "In 2019, Spotify had over 50 million recordings available for streaming, 271 million active users, and 124 million premium subscribers, and streamed 73 billion hours of content."; and

3. In 2020 (the year in which Plaintiff alleges *Better* was created (First Amended Complaint at 10 ¶ 32), Spotify had over 70 million recordings available to stream, 345 million active users, and 155 million premium subscribers, and streamed 92 billion hours of content.

(Dkt. No. 22-5.) Defendants attach U.S. Securities and Exchange Commission ("SEC") filings in support of these "facts." While the Court may take judicial

3

notice of the existence of the SEC filings, it cannot take judicial notice of the truth of the contents therein. *See* Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Moreover, Defendants request that the Court take judicial notice of these "facts" to demonstrate Plaintiff's work has not been widely disseminated for purposes of determining access. However, Plaintiff indicates in its opposition that it does not rely on a wide dissemination theory to prove access, and therefore these "facts" for which Defendants request that the Court take judicial notice are irrelevant. Accordingly, the Court denies Defendants' request for judicial notice.

**B.  Direct Copyright Infringement**

Plaintiff's first cause of action is for copyright infringement. To state a claim for direct copyright infringement, Plaintiff "must plausibly allege two things: (1) that [it] owns a valid copyright in [the works],[1] and (2) that [Defendants] copied protected aspects of [Plaintiff's works]." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116-17 (9th Cir. 2018) (citations omitted), overruled on other grounds in *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020), *cert. denied sub nom. Skidmore as Tr. for Randy Craig Wolfe Tr. v. Zeppelin*, 141 S. Ct. 453 (2020), *reh'g denied*, 2020 WL 7132739 (U.S. Dec. 7, 2020). The second prong has two distinct components: "copying" and "unlawful appropriation." *Skidmore*, 952 F.3d at 1064.

"In the absence of direct evidence of copying, . . . the plaintiff can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Id.* (internal quotations and citation omitted); *see also Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1084 (9th Cir. 2022), *cert. denied,* 143 S. Ct. 2583, 216 L. Ed. 2d 1193 (2023). In the absence of access, "a plaintiff would

---

[1] Defendants do not dispute Plaintiff's ownership of its work.

4

still be capable of satisfying the copying element of its infringement claim by demonstrating striking similarity between the works" to give rise to the inference that the defendant's work was not independently created." *Unicolors, Inc.*, 52 F.4th at 1084 (internal quotations and citations omitted).

To prove unlawful appropriation, the Ninth Circuit uses a two-part test consisting of a subjective intrinsic test and an objective extrinsic test to determine whether the defendant's work is substantially similar to the plaintiff's copyrighted work. *Skidmore*, 952 F.3d at 1064. "Both tests must be satisfied for the works to be deemed substantially similar." *Id.* However, the extrinsic test "is the only test relevant" in ruling on a motion to dismiss. *Gregorini v. Apple Inc.*, 2022 WL 522307, at *1 (9th Cir. Feb. 22, 2022) (citations omitted).

**1.    Copying**

**a.    Access**

"To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). "Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016). Here, Defendants argue Plaintiff's alleged access theory fails as a matter of law because there are no allegations in the FAC of widespread dissemination of Plaintiff's work and Plaintiff's theory is that it gave its alleged work to someone whose company later promoted Defendants' song *Better* but bare corporate receipt is insufficient to establish access. Plaintiff does not argue the FAC sufficiently alleges widespread dissemination of Plaintiff's work, but instead states Plaintiff "focus[es] on the second method of demonstrating access" through " the specific chain of events that link the Original Work to Defendants."

5

The Ninth Circuit has found "evidence that a third party with whom both the plaintiff and defendant were dealing had possession of plaintiff's work is sufficient to establish access by the defendant." *Loomis*, 836 F.3d at 995.[2] However, "the dealings between the plaintiff and the intermediary and between the intermediary and the alleged copier must involve some overlap in subject matter to permit an inference of access," and "[i]t must be reasonably possible that the paths of the infringer and the infringed work crossed." *Id*. at 995-96. Therefore, "[b]are corporate receipt ..., without any allegation of a nexus between the recipients and the alleged infringers, is insufficient to raise a triable issue of access." *Id.* (noting a plaintiff "cannot create a triable issue of access merely by showing 'bare corporate receipt' of her work by an individual who shares a common employer with the alleged copier").[3]  Here, the FAC alleges facts beyond bare corporate receipt of Plaintiff's work because the FAC sufficiently alleges an overlap in the subject matter to permit an inference of access by alleging Plaintiff's song was provided to Jonah Rindner who agreed to promote Plaintiff's song and requested permission to send the song to his contact list of individuals in the music industry (FAC ¶ 29), and Rindner subsequently stated that he had "worked" Defendants' infringing work (*id.* ¶ 30).  *See Loomis*, 836 F.3d at 995. Therefore, the FAC alleges sufficient facts that it is "reasonably possible that the paths of the infringer and the infringed work crossed." *Id.* at 995-96. Accordingly, accepting the allegations in the FAC as true and in the light most favorable to Plaintiff, the Court finds the FAC sufficiently pleads access.

### b.  Similarities Probative of Copying

---

[2] *See, e.g., Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1149 (C.D. Cal. 2015), *aff'd sub nom. Shame on You Prods., Inc. v. Banks*, 690 F. App'x 519 (9th Cir. 2017); *Jordan-Benel v. Universal City Studios, Inc.*, 2015 WL 3888149, at *2 (C.D. Cal. June 24, 2015), *aff'd*, 859 F.3d 1184 (9th Cir. 2017).

[3] *See also Washington v. ViacomCBS, Inc.*, 2020 WL 5823568, at *3 (C.D. Cal. Aug. 20, 2020); *Panton v. Strong*, 2018 WL 5099666, at *2-*3 (C.D. Cal. Mar. 14, 2018); *Johnson v. Knoller*, 2017 WL 5640554, at *2 (C.D. Cal. Sept. 18, 2017).

Defendants argue the FAC does not "mention, let alone plausibly allege, striking similarity." Defendants also contend Plaintiff is precluded from arguing the works are strikingly similar because the FAC alleges the works are substantially similar.

A plaintiff can demonstrate copying "by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 941 (9th Cir. 2023) (citations omitted). "'Similarities probative of copying' include similarities that are more likely attributable to copying, rather than 'coincidence, independent creation, or prior common source.'" *Id.* (quoting *Skidmore*, 952 F.3d at 1064). "To prove copying, the similarities between the two works need not be extensive, and they need not involve protected elements of the plaintiff's work." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds in Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020)). Thus, "[c]opying does not require demonstrating a high degree of similarity; the plaintiff need only show that there are 'similarities one would not expect to arise if the two works had been created independently.'" *Hanagami*, 85 F.4th at 941 (citing *Rentmeester*, 883 F.3d at 1117).

Here, the FAC does not use the phrase "striking similarity" or "strikingly similar" when alleging similarities between the parties' works. Instead, the FAC alleges portions of the parties' songs are the same or substantially similar, and alleges similarities between the parties' songs' based on the melody, combination of notes, chords changes, rhythm, and lyrics (*see* FAC ¶¶ 23-27, 44-45). Construing the allegations in the FAC regarding the similarities between the works in the light most favorable to Plaintiff, the Court finds the FAC pleads sufficient facts that "the two works share similarities probative of copying." *Skidmore*, 952 F.3d at 1064.

As to the issue of whether the parties' works are strikingly similar, a finding

by the Court that works are strikingly similar as a matter of law is disfavored. *See Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1085 (9th Cir. 2022) (citations omitted), *cert. denied*, 143 S. Ct. 2583, 216 L. Ed. 2d 1193 (2023) (citing *Litchfield v. Spielberg*, 736 F.2d 1352, 1355-56 (9th Cir. 1984). Therefore, the Court declines to reach the issue of whether the works are strikingly similar as a matter of law at the pleading stage.[4]

### 2. Unlawful Appropriation—Substantial Similarity

Defendants also move to dismiss Plaintiff's infringement claims on the basis the FAC fails to plausibly plead substantial similarity between the parties' works. Defendants attempt to narrow Plaintiff's song to a handful of elements (e.g., 4-7 musical notes and one lyric) in arguing the parties' musical works are not substantially similar. However, the Ninth Circuit has recognized a plaintiff "need not prove virtual identity" between the musical compositions to substantiate its copyright infringement action because "[m]usical compositions are not confined to a narrow range of expression" and "[m]usic ... is not capable of ready classification into only five or six constituent elements," but is instead "comprised of a large array of elements, some combination of which is protectable by copyright." *Williams v. Gaye*, 895 F.3d 1106, 1120 (9th Cir. 2018). Thus, "[t]here is no one magical combination of ... factors that will automatically substantiate a musical infringement suit," and because "each allegation of infringement will be unique," the extrinsic test is met "[s]o long as the plaintiff can demonstrate, through expert testimony ..., that the similarity was 'substantial' and to 'protected elements' of the copyrighted work."). *Id.*; *see also Hall v. Swift*, 786 F. App'x 711, 711-12 (9th Cir. 2019).

Here the FAC alleges substantial similarity between the works sufficient to

---

[4] Moreover, the issue of whether the works are strikingly similar arises in the absence of access. *See Unicolors, Inc.*, 52 F.4th at 1084. Because the Court finds the FAC sufficiently alleges access, the Court need not reach the issue of whether the works are strikingly similar at this stage.

8

give Defendants fair notice under Federal Rule of Civil Procedure 8. *Bell Atlantic*, 550 U.S. at 554. The Court declines to determine whether the works are substantially similar as a matter of law at the pleading stage without the benefit of evidence and expert testimony on the issue. *See Swirsky v. Carey*, 376 F.3d 841, 845, 848-49 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004); *Williams v. Gaye*, 895 F.3d 1106, 1120 (9th Cir. 2018); *Cope v. Warner Records, Inc., et al.*, No. 2:22-cv-01384-SSS-ASX, ECF No. 73, at 11 (C.D. Cal. June 5, 2023); *Hayes v. Minaj*, 2012 WL 12887393 at *4, *5 (C.D. Cal. Dec. 18, 2012).[5]

\* \* \*

Accordingly, the Court finds the FAC pleads sufficient facts to state a claim for direct copyright infringement.

**C.  Contributory and Vicarious Copyright Infringement**

Plaintiff also asserts two causes of action for contributory and vicarious copyright infringement against all Defendants.

**1.  Direct and Indirect Infringement Claims**

Defendants move to dismiss the contributory and vicarious copyright infringement claims on the ground the FAC also alleges Defendants are direct infringers but Defendants contend they cannot be both direct infringers and indirect infringers.

Plaintiff argues Defendants are judicially estopped from arguing a plaintiff cannot assert both a direct infringement claim and contributory and vicarious infringement claims against the same defendants because Defendant Sony has asserted claims for direct, contributory, and vicarious copyright infringement against all defendants in another action. However, Plaintiff neither argues nor provides evidence that the requirements for judicial estoppel are met. Therefore,

---

[5] *See also Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 946-47 (9th Cir. 2023); *Gregorini v. Apple Inc.*, 2022 WL 522307, at *1 (9th Cir. Feb. 22, 2022); *Alfred v. Walt Disney Co.*, 821 F. App'x 727, 729 (9th Cir. 2020).

the Court cannot find Defendants are judicially estopped from arguing Plaintiffs cannot assert direct, contributory, and vicariously infringement claims against Defendants in this action. *See Brandlin v. Eurolux, LLC*, 2022 WL 2713232, at *1, n.1 (9th Cir. July 13, 2022) (citing *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012)).[6]

Although a "defendant cannot be secondarily liable for that defendant's own direct infringement,"[7] Plaintiff may assert contributory and vicarious infringement claims in the alternative to direct infringement.[8] *See* Fed. R. Civ. P. 8(d); *YellowCake, Inc. v. DashGo, Inc.*, 2022 WL 172934, at *8 (E.D. Cal. Jan. 19, 2022) (citing Fed. R. Civ. P. 8(d); *Molsbergen v. United States*, 757 F.2d 1016, 1018 (9th Cir. 1985); *Deerpoint Grp., Inc. v. Agrigenix, LLC*, 393 F. Supp. 3d 968, 983 (E.D. Cal. 2019)); *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, 2014 WL 2604324, at *11 (N.D. Cal. June 10, 2014). Therefore, the Court denies Defendants' Motion to Dismiss Plaintiff's contributory and vicarious copyright infringement claims on the ground the FAC also asserts a direct infringement claim against Defendants.

### 2. Fair Notice

Defendants also move to dismiss Plaintiff's contributory infringement claim

---

[6] In determining whether to impose judicial estoppel, the court must ask: "(1) Is the party's later position 'clearly inconsistent with its earlier position?' (2) Did the party succeed in persuading a court to accept its earlier position, creating a perception that the first or second court was misled? and (3) Will the party seeking to assert an inconsistent position 'derive an unfair advantage or impose an unfair detriment on the opposing party?'" *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)). The docket for the other action identified by Plaintiff shows the case was dismissed pursuant to a stipulation by the parties. *See Sony Music Entm't, et al. v. Gymshark Ltd., et al.*, No. 2:21-cv-05731-CBM-AGR (C.D. Cal. Jul. 15, 2021). Therefore, the second requirement regarding a party's success in persuading a court to accept its earlier position is not satisfied as required for the application of judicial estoppel here.

[7] *See Smith v. Weeknd*, 2019 WL 6998666, at *3 (C.D. Cal. Aug. 23, 2019); *see also A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001).

[8] At the hearing, Plaintiff represented to the Court that the direct infringement claims and vicarious/contributory infringement claims are pled in the alternative.

on the basis the FAC fails to notify each defendant of the identity of the alleged direct infringer whom each defendant allegedly induced or helped to infringe, or how each defendant induced or helped the unidentified direct infringer. Defendants also contend because the FAC refers to all Defendants for Plaintiff's vicarious infringement claim, the FAC fails to provide each defendant notice of the alleged infringement that each defendant is purportedly vicariously liable for. Defendants thus contend the FAC fails to give each defendant fair notice of the claim against that defendant and the grounds upon which it rests. The Court denies Defendants' Motion to Dismiss Plaintiff's contributory and vicarious liability claims on this basis because Plaintiff would not have knowledge of each defendant's specific role in the infringement at this stage of the litigation absent discovery. *See Heller v. NBCUniversal, Inc.*, 2016 WL 6573985, at *3 (C.D. Cal. Mar. 30, 2016); *Woodall v. Walt Disney Co.*, 2021 WL 4442410, at *6 n.8 (C.D. Cal. Aug. 5, 2021). Moreover, the Court finds the FAC gives Defendants fair notice of the claims asserted against them as required under Federal Rule of Civil Procedure 8. *See Tivoli LLC v. Sankey*, 2015 WL 12683801, at *4 (C.D. Cal. Feb. 3, 2015); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 2016 WL 6601662, at *10 (C.D. Cal. Feb. 3, 2016).

### 3. Contributory Infringement

To state a claim for contributory copyright infringement, Plaintiff must allege Defendants: (1) knew of the direct infringement; and (2) . . . either induced, caused, or materially contributed to the infringing conduct." *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013); *see also Ellison v. Robertson*, 357 F.3d 1072, 1077 (9th Cir. 2004). Here, Defendants move to dismiss Plaintiff's contributory copyright infringement claim on the grounds the FAC fails to allege nonconclusory allegations regarding Defendants' actual knowledge of the specific acts of infringement and fails to allege Defendants materially contributed to or induced another's infringement.

The Court finds the FAC sufficiently alleges Defendants' knowledge of the direct infringement to satisfy the first element for Plaintiff's contributory infringement claim. (*See* FAC ¶¶ 30, 33, 58.) *See Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 261 (9th Cir. 1996); *Matlow v. Fandom, Inc.*, 2022 WL 17184982, at *5 (C.D. Cal. July 7, 2022) (citing *A&M Records, Inc.*, 239 F.3d at 1022 n.6; *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 591 F. Supp. 2d 1098, 1106-08 (N.D. Cal. 2008)); *Blackstone Int'l, Ltd. v. E2 Ltd.*, 2022 WL 16553034, at *10 (W.D. Wash. Oct. 31, 2022).[9] Moreover, the FAC pleads sufficient facts that Defendants materially contributed to the direct infringement to satisfy the second element for contributory copyright infringement. (*See* FAC ¶¶ 58, 61, 65.) *See China Cent. Television v. Create New Tech. (HK) Ltd.*, 2015 WL 12732432, at *11 (C.D. Cal. Dec. 7, 2015); *Fahmy v. Live Nation Ent., Inc.*, 2015 WL 3617040, at *8 (C.D. Cal. June 8, 2015) (citing *Columbia Pictures Indus., Inc. v. Redd Home, Inc.*, 749 F.2d 154, 161 (3d Cir. 1984); *Rogers v. Koons,* 751 F. Supp. 474, 481 (S.D.N.Y. 1990), *amended on reargument*, 777 F. Supp. 1 (S.D.N.Y. 1991), *and aff'd*, 960 F.2d 301 (2d Cir. 1992)). Accordingly, Plaintiff pleads sufficient facts to state a claim for contributory infringement.

**4. Vicarious Copyright Infringement**

To state a claim for vicarious copyright infringement, Plaintiff must allege Defendants: (1) enjoyed a direct financial benefit from the infringing activity of the direct infringer; and (2) declined to exercise the right and ability to supervise or control that infringing activity. *Ellison*, 357 F.3d at 1076. A "[f]inancial benefit exists where the availability of infringing material acts as a draw for customers." *Id.* at 1078 (internal quotations and citations omitted). "[A]

---

[9] *See also Faulkner v. Nat'l Geographic Soc'y*, 211 F. Supp. 2d 450, 474 (S.D.N.Y. 2002), *opinion modified on denial of reconsideration*, 220 F. Supp. 2d 237 (S.D.N.Y. 2002), and *aff'd sub nom. Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26 (2d Cir. 2005), and *aff'd sub nom. Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26 (2d Cir. 2005).

defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007). Defendants move to dismiss Plaintiff's vicarious copyright infringement claim on the ground the FAC fails to alleges facts that any particular defendant is vicariously liable for another's alleged infringements, and the FAC only includes a formulaic recitation of the elements of the vicarious copyright infringement claim.

Here, the FAC alleges Defendants "shar[ed] in the proceeds" from the infringement (*see* FAC ¶ 75), which is sufficient to satisfy the financial benefit requirement for Plaintiff's vicarious infringement claim. *See Keck v. Alibaba.com Hong Kong Ltd.,* 369 F. Supp. 3d 932, 938-39 (N.D. Cal. 2019). Moreover, the FAC alleges sufficient facts to satisfy the control requirement for Plaintiff's vicarious infringement claim. (*See* FAC ¶ 75.) *See Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 263 (9th Cir. 1996) (citing *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.,* 443 F.2d 1159, 1162-63 (2d Cir. 1971); *Polygram Intern. Pub., Inc. v. Nevada/TIG, Inc.,* 855 F. Supp. 1314, 1329 (D. Mass. 1984). Therefore, Plaintiff pleads sufficient facts to state a claim for vicarious copyright infringement.

**D.     Declaratory Relief**

Defendants move to dismiss or alternatively strike Plaintiff's claim for declaratory relief on the grounds the FAC does not assert a cause of action for declaratory relief, but that the prayer for relief seeks "a judicial determination and Declaration to the effect that Defendants have infringed the copyrighted work alleged herein, 'Somebody Tonight,' in violation of the Copyright Act." (FAC, Prayer for Relief ¶ A.) Defendants also contend because a claim for a declaration of infringement is duplicative of Plaintiff's substantive claims for infringement, Plaintiff's declaratory relief claim should be dismissed as duplicative and redundant. Plaintiff states in its opposition that "Defendants are misconstruing

1 Plaintiff's requests for relief," and that "to be clearer, Plaintiff seeks a permanent
2 injunction awarding Plaintiff a percentage of future revenues from the Infringing
3 Work." Because Plaintiff states it does not seek declaratory relief despite
4 including declaratory relief in the FAC's prayer for relief, the Court strikes the
5 request for declaratory relief in paragraph A of the FAC's Prayer for Relief.

### E.  Damages

Defendants also move to dismiss or strike Plaintiff's "claims" for compensatory and special damages.

17 U.S.C. § 504(a) provides: "Except as otherwise provided by this title, an infringer of copyright is liable for either--**(1)** the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or **(2)** statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(b) provides: "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Thus, the Copyright Act provides for recovery of either actual damages and profits or statutory damages.

Here, the Prayer for Relief in the FAC seeks "[a]n award of damages against Defendants pursuant to 17 USC § 504(b), including actual damages and disgorgement of profits reaped by Defendants." (FAC, Prayer for Relief ¶ D.) Plaintiff contends the use of the phrase "compensatory and special damages" in the FAC's Prayer for Relief is synonymous to the remedies under the Copyright Act. However, the Prayer for Relief separately seeks an award of damages pursuant to 17 U.S.C. § 504(b) of the Copyright Act (*see* FAC, Prayer for Relief ¶ D). Accordingly, the Court strikes the request for compensatory and special damages in paragraph E of the FAC's Prayer for Relief as redundant. *See* Fed. R. Civ. P. 12(f).

/ / /

**F.      Songwriter Credit and An Ownership Interest**

Defendants also request that the Court strike the FAC's allegations that Plaintiff has not received songwriter credit for, and an ownership interest in, Defendants' work *Better*.  Defendants contend these allegations are included by Plaintiff in the FAC to demonstrate the alleged infringement is willful, but these allegations are immaterial and impertinent because receiving credit or an ownership interest is not a remedy available under the Copyright Act, Plaintiff does not seek statutory damages under 17 U.S.C. Section 504(a), and the allegation of willfulness is irrelevant.  Plaintiff argues Defendants misconstrue Plaintiff's request for relief and explains Plaintiff seeks a "permanent injunction awarding Plaintiff a percentage of future revenues from the Infringing Work."

Here, the Prayer for Relief in the FAC does not request Plaintiff be given songwriter credit or an ownership interest in Defendants' work.  Therefore, the Court denies Defendants' motion to strike the FAC's allegations regarding Plaintiff not receiving songwriter credit for or an ownership interest in Defendants' work.

## IV.   CONCLUSION

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss the FAC.  The Court **GRANTS** Defendants' Motion to Strike paragraph A and E of the FAC's Prayer for Relief seeking declaratory relief and compensatory and special damages.  The Court **DENIES** Defendants' Motion to Strike the allegations in the FAC regarding Plaintiff not receiving songwriter credit or an ownership interest in Defendants' work.

**IT IS SO ORDERED.**

DATED:  May 30, 2024.

HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE